NOTE. See Minor's Ala. Rep. 410, 71, 257, 270.

JANUARY 1828.

Cloud
v.
Patterson.

---

## RIVERS v. LOVING.

1. Writ against two, executed on one only; declaration against both, and plea by "the defendant" in the singular number, not distinguishing which, and issue thereon; it is the appearance of the one only who was served, and a judgement against both is error.
2. Plaintiff produces a covenant by two obligors, with a credit endorsed, signed by one of the obligors, *for the plaintiff.* The jury may presume the credit was properly entered, and allow it.

JOHN LOVING brought covenant in Madison Circuit Court, against Eldridge K. Rivers and Robert Rivers, on a written obligation made by them. The writ was served on Eldridge only, Robert was returned not found. The declaration was against both. The plea was filed in short in those words: " Plea covenants performed by consent. Replication and issue; Brandon, for defendant; Clay and M'Clung for plaintiff." At the April term, 1826, the entry on the minutes ran thus: " Came the parties by their attorneys, and thereupon came a jury," &c. Verdict for the plaintiff against the defendants for $255 91 damages.

A bill of exceptions was taken on the trial, entitled as follows: John Loving against Eldridge K. Rivers Be it remembered, that on the trial of this cause, the plaintiff offered in evidence to the jury this note: On the 25th day of December next, I promise to pay, or cause to be paid unto John Loving, the sum of two hundred and thirty dollars current money, of the county of Madison, State of Alabama, for the hire of two negro men, named Johnson and Phil, which boys I promise to clothe with a summer and winter suit, blanket, hat and shoes, and re-

JANUARY 1828.

Rivers
v.
Loving.

turn to the said John Loving as agent, on the 25th day of December next. Witness my hand and seal, this 10th day of January, 1824.

ELDRIDGE K. RIVERS, (Seal.)
ROBERT RIVERS.     (Seal.)

On the back of said paper was endorsed the following: "25th of December, 1824, credit for Doctor fee $10, o two pairs of shoes $5; $15. *Rorbert Rivers* for *John Loving;*" which endorsement was signed by said Robert, for the plaintiff. It was stated by the plaintiff's counsel, that said Robert Rivers was one of the co-obligors in said note, which fact was neither admitted nor denied by the defendant's counsel. The plaintiff's counsel then moved the Court to instruct the jury, that as no evidence of said Rivers' agency for the plaintiff had been given, they must not regard the said credit on said note. The defendant then moved the Court to charge the jury that they might presume from the credit being entered on the note, even if it were in the name of one of the co-obligors, and signed by him for the plaintiff, that the money named in said credit was paid; which last instruction by the defendant's counsel moved for, the Court refused, and instructed the jury to disregard said credit, to which defendant excepts, &c.

A writ of error was sued out in the name of both defendants, and in this Court Eldridge K Rivers assigns for error, 1st. That the writ was served on one only, and judgement was against both. 2d. That the Court erred in the opinions as stated in the bill of exceptions.

BRANDON, for the plaintiffs in error.

As to the first error assigned, I believe the question has been repeatedly determined by this Court, and if the record supports the assignment, the judgement must be reversed. In the record, the whole proceedings, both in the plea and bill of exceptions, are in the singular number, which shews that E. K. Rivers alone, was in Court by counsel. The term defendant is technical, and can only mean a person who is in Court legally resisting some claim asserted against him. R. Rivers does not appear to be in Court either by service of a writ, or by the appearance of counsel. The plaintiff was bound at his peril to see that his judgement was entered against the proper parties.

As to the second error assigned, the Court certainly erred in instructing the jury to disregard a credit which

was entered and still remaining on the back of the note
a* *he trial, and in refusing to instruct the jury that they
might infer the payment was made according to the credi*,
from the circumstance of its remaining on the back of
the note in the possession of the plaintiff. The jury
could not disregard the credit, even if it had been enter-
ed by one of the obligors in the note, without presuming
if it were incorrect that he committed a fraud; which
cannot be done. Fraud must be proven by *strong* testi-
mony. If one of the obligors did enter the credit on the
note, the circumstance of his having had possession of it
without proof that he obtained it clandestinely, is suffi-
cient to convince a jury that it was done by the consent of
the plaintiff below. The credit must have been entered,
if by R. Rivers, one of the obligors, either fraudulently or
with the consent of the plaintiff. A jury may find fraud
from circumstantial evidence, but they never can presume
any transaction to be fraudulent without proof of positive
or circumstantial facts to that effect. There was here no
fraud; the record does not shew it was even alleged.
The offering of the note with the credit on it is conclusive
on this point, for if not correct, the plaintiff would have
crossed it  As long as the credit remained on the note,
the defendant had a right to rely on the benefit of it
without producing proof of the fact of the payment, and
if excluded at the trial, the plaintiff has an undue advan-
tage over him. The note being offered with the credit
on it, the whole was competent evidence, at least to be
weighed by them, and each part to have its due influence.
To admit the note and exclude the endorsement is simi-
lar to admitting a part of a man's statement to condemn
him, and to exclude another part of it which would have
acquitted him. The amount is small it is true, and does
not deserve notice, but the principle involved does.

CLAY and M'CLUNG, for defendant.

JUDGE TAYLOR delivered the opinion of the Court.

IT has before been decided by this Court, that although
the writ be executed only on one of two or more defen-
dants, yet if there is a general appearance and plea for
all, a judgement against all is well taken. The appearance
here was for the defendant, without distinguishing which
of those declared against was intended. We cannot sup-
pose it was for both, and as one had been served with pro-

cess, the only correct inference seems to be, t⁴ it was he alone who answered; and so the counsel o. ooth sides seem to have understood it, as the bill of exceptions states the case to be between the plaintiff and Eldridge K. Rivers. There was error therefore in rendering judgement against both the obligors.

It is believed the second assignment is also well taken. Had the instrument sued on here been a bill of exchange, the decision of the Circuit Court would have been right. It is laid down in 1 Wheaton's Selwyn 104, that " the mere production of a bill of exchange from the custody of the acceptor, is not presumptive evidence of payment, unless it be shewn that the bill was once in circulation after being accepted. Nor is payment to be presumed from a receipt endorsed on the bill, unless it can be shewn that the receipt is in the hand writing of a person entitled to demand payment." These decisions are in perfect consistence with justice, but they arise from those peculiar features in bills of exchange, which distinguish them from deeds and promissory notes, although the acceptor is the payor of the bill, yet it never reaches his hands until after it has been in those of the payee. It is the uniform course with merchants to leave a bill in the hands of the drawee, a sufficient time for him to ascertain the state of the accounts between him and the drawer, and whether he has funds of the drawers in hands or not; and no bill is protested until the drawee has had sufficient time allowed him for this purpose, unless he dishonors the bill when it is first pensented, which is seldom done. The acceptor then always has the possession of the bill before it is put into circulation, and therefore such possession or a credit on the bill in his hand writing, raises no presumption in his favor. But if it appears that the bill has been in circulation after acceptance, then the possession of the acceptor, or a payment endorsed by him after it has been so in circulation, is *prima facie* evidence in his favor.

The analogy between a promissory note and bill, does not strictly commence until the bill 'has been accepted. The promissory note does not, in the course of business, ever go into the hands of the drawee after it is executed until it is paid. His having the possession of the note then, is *prima facie* evidence that he has paid it A credit endorsed on it in his hand writing, must be pre-

sumed to have been placed there with the consent of the pavee. The instrument sued on, is in all these respects, precisely analogous to a promissory note. Its having been in the possession of one of the obligors, is evidence until the contrary appears, that he had been constituted the agent of the obligee to collect the money. It is highly probable from the consideration expressed in the face of the instrument, and in the order in which the names of the obligors are signed to it, that Eldridge K Rivers was the hirer of the negroes, and Robert Rivers his security for the payment of the money. _ If this was the case, there is nothing extraordinary in the bond being placed in the hands of the security to collect the money, which he was so directly interested in the payment of, by the principal.

The judgement must be reversed, and the cause remanded.

JUDGE WHITE not sitting.