Joe Richardson, Trustee of Hamilton County, Tennessee
and Hamilton County, Tennessee

*v.*

The City of Chattanooga, Tennessee.

381 S.W.2d 1.

(*Knoxville,* September Term, 1963.)

(May Session, 1964.)

Opinion filed July 15, 1964.

CHARLES W. LUSK, JR., Special Solicitor, JAMES F. TURNER, County Attorney, Chattanooga, for appellants.

ELLIS K. MEACHAM, EUGENE N. COLLINS, City Attorney, Chattanooga, for appellee.

MR. JUSTICE DYER delivered the opinion of the Court.

Appellant, Hamilton County, Tennessee, appeals from the action of the Chancellor in overruling a demurrer to the original bill. The Chancellor has filed an excellent memorandum opinion in which we concur and adopt as the opinion of this Court. The Chancellor's opinion is as follows:

"This is a suit for declaratory judgment brought by The City of Chattanooga against Hamilton County and its Trustee, Mr. Joe Richardson, seeking to require Hamilton County to share with The City of Chattanooga on the basis of average daily attendance of students in the public school systems certain funds raised by county-wide taxes, but appropriated solely to the use of the Hamilton County school system.

"The funds in question are the approximate annual amount of $78,000.00 raised by 2¢ per $100.00 property assessment used by the county to provide pensions for retired teachers of the county system; the approximate annual amount of $34,000.00 appropriated from the general fund of Hamilton County to pay social security taxes upon teachers employed in the county system, and the approximate annual amount of $39,000.00 which is taken from a special levy of 1¢ per $100.00 property valuation for the purpose of providing fire insurance upon county-owned school buildings.

"The basis of the complainant's contention that these funds should be shared with it is the following portion of Chapter 5 of the Public Acts of 1961, to-wit:

" 'Section 8(1) (c) Each county, city, or special school district in this State shall levy for current operation and maintenance not more than one school tax for all grades one through twelve, or for such of these grades as may be included in the local school program, and shall place in one separate school fund all school revenues for current operation and maintenance purposes received from the State, county and other political subdivisions, if any, for school purposes. * * * All school funds for current operation and maintenance

purposes collected by any county, except the funds raised by any local special pupil transportation tax levy as authorized in this subsection, shall be apportioned by the county trustee among the county, city, and special school districts therein on the basis of the average daily attendance maintained by each in grades one through twelve, during the current school year. * * *,

"Specifically, the city contends that the above-mentioned funds for teachers' pensions, teachers' social security taxes, and fire insurance on county school buildings are 'school funds for current operation and maintenance purposes' and thus required by the foregoing statute to be divided with the city on a basis of average daily attendance ratio.

 "The defendants filed a demurrer in which they contend, first, the quoted statute is in violation of Article II, Section 29, of the Constitution of Tennessee in that it requires funds raised by the county for county purposes to be diverted to the city for city purposes. This contention is contained in grounds 1 and 2 of the demurrer which the Court is constrained to overrule for the reason that public education in Tennessee is neither a county nor city function, but is a *state* function so that Article II, Section 29, of the Constitution does not apply. The Supreme Court in *Cagler* [*Cagle*] *v. McCanless,* 199 Tenn. 128, 136, 285 S.W.2d 118, in holding invalid a private act applying only to Hamilton County which attempted to abolish the office of superintendent of public instruction, said:

" 'This would be an intolerable situation and contrary to the accepted fact that public education in

Tennessee rests upon the solid foundation of state authority to the exclusion of county and municipal government.'

"Furthermore, the Supreme Court in *Board of Education of the Memphis City Schools v. Shelby County,* 207 Tenn. 330 [339 S.W.2d 569] not only upheld the constitutionality of a public act similar to the one here under attack, but held unconstitutional a private act applying only to Shelby County which provided for the distribution of county school funds on a basis different from that of the average daily attendance ratio. In that case the Court said:

" 'Education of the youth of each county is the primary purpose of our state educational system, as reflected throughout all of its General Education Acts, and the apportionment of local school funds under the general law on the basis of average daily attendance of pupils in the various schools gives to every school system its proportional and fair share of said funds, so, in a sense, each pupil may be afforded the same opportunity to obtain an education, regardless of place of residence.'

"In that case the Court also gives further aid to a proper determination of the issue here involved when it said:

" 'The general purpose and plan of the Education Acts passed by the Legislature of Tennessee, beginning with the Act of 1925, referred to hereinabove, was to establish and maintain a *uniform system* of public education in this State, public education being primarily a State function. The philosophy permeating such general uniform plan, as set out in said

General Education Acts, in so far as pertinent to the issues in these causes, provides for a division of all county school funds, with the exception of funds for the transportation of pupils attending the public schools, between the County School System and the School systems operated by municipalities or special school districts, such as the City of Memphis and its Board of Education, within the county, on a proportional basis of the average daily attendance of pupils attending the various schools in a county.'

"The Court thus concludes that Chapter 5, Public Acts of 1961, is constitutional and that the assertions of the demurrer to the contrary are overruled.

"The defendants next contend that said statute bestows no rights upon the complainant city, but merely establishes conditions which Hamilton County must meet before it may participate in state funds. The short answer to this argument is that the Act says that school funds 'shall' be apportioned by the County Trustee among the several school systems. Therefore, the third ground of the demurrer is likewise overruled.

"Next, the defendants contend that funds raised by Hamilton County for providing pensions for the retirement of county teachers are not for 'current operation and maintenance' and are required by certain private acts of the Legislature which apply only to Hamilton County. While this question is not free from doubt, the Court is persuaded that the legislative intent as evidenced by the broad sweep of the language of Section 8(1) (c) of Chapter 5 of the Public Acts of 1961 is to require that all public school funds with the single exception of county transportation funds shall

be raised by one school tax and kept in one school fund there to be apportioned by the Trustee between the county and all other school systems within the county according to the average daily attendance ratio. This same reasoning applies to the contentions of the defendants that the funds raised by the county for the payment of social security taxes on county teachers are not for 'current operation and maintenance.' And, the same is true of the contention of the defendants that funds used by the county to purchase fire insurance on county school buildings is not for 'current operation and maintenance.' The Court holds that in each instance said funds should be included by the county in its school fund and be raised by the 'one single tax' as provided in Section 8(1) (c) of Chapter 5 of the Public Acts of 1961.

"The result is that all grounds of the demurrer are overruled."

Judgment affirmed and remanded.