John STEWART, Claimant, Respondent,

v.

Delbert JOHNSON, Employer, Defendant, Respondent,

M. E. Morris, Treasurer of the State of Missouri, Additional Party Defendant, Appellant.

No. 51413.

Supreme Court of Missouri, Division No. 1.

Jan. 10, 1966.

Motion for Rehearing or for Transfer to Court En Banc Denied Feb. 14, 1966.

Moore, Pettit & Keeter, Aurora, for respondent John Stewart.

Arch M. Skelton, Donald E. Bonacker, Skelton & Bonacker, White & Dickey, Springfield, for respondent Employer, Delbert Johnson and Insurer Mid-Continent Casualty Co.

Norman H. Anderson, Atty. Gen., Donald L. Randolph, Asst. Atty. Gen., Jefferson City, for appellant.

HENLEY, Judge.

This is an appeal by the Treasurer of the State of Missouri, custodian of the second injury fund and as such a party defendant, from a judgment of the Circuit Court of Lawrence County sustaining a workmen's compensation award of The Industrial Commission of Missouri.

This court has jurisdiction for the reason that a state officer as such is a party. Article V, § 3, Constitution of Missouri, V.A.M.S.; Section 287.220, subsection 2;[1] Grant v. Neal et al., Mo., 381 S. W.2d 838, 840 [3].

The preliminary facts, such as whether there was an accident and whether the accident arose out of and in the course of employment of the employee by the employer at the time of the accident, etc., necessary to a finding and an award of compensation for a compensable injury, were all agreed to in a hearing before the Referee. No questions are raised as (1) to the injuries or the percentage and extent of disability suffered, or (2) to the timeliness of the claim and application for review. The parties agreed before the Referee, and he and the Industrial Commission found, that the compensation rate is $20.33 per week. Appellant agrees in his brief that a prior disability, and the disability incurred as a result of this accident, resulted in total and permanent disability of the employee; that the total benefits payable to the employee amount to 300 weeks' compensation at $20.-33 per week and thereafter $18.00 per week for life.

The fundamental question in dispute lies between the employer and the custodian of the second injury fund; the question is, "how shall the payment of benefits due the employee be apportioned between the employer and the second injury fund?" A determination of this question involves a construction of § 287.220 and a resolution as to whether, in the circumstances related herein, the liability of the employer shall be computed by application of § 287.190 (fixing the period for which compensation is to be paid for permanent partial disabili-

---

1. All references to statutes are to RSMo 1959 and V.A.M.S.

852

ty) or § 287.200 (fixing the period for which compensation is to be paid for permanent total disability). The question has not been presented to this court before.

The commission, on review of the referee's finding and award, found that as a result of a compensable accident of December 14, 1959, the employee sustained a permanent injury which, considered alone and of itself, was equal to 50% of the body as a whole; that prior to said accident the employee had a permanent disability (existing at the time of the last injury) equal to 50% disability of the body as a whole. The commission further found that the previous disability and the last injury together resulted in total and permanent disability to the employee. Based on these findings, a majority of the commission, one commissioner dissenting, awarded compensation to the employee (subject to a credit not pertinent to the questions raised on appeal) to be paid as follows: 150 weeks at $20.33 per week by the employer; 150 weeks at $20.33 per week by the second injury fund after completion of payment of compensation by the employer; thereafter $18.00 per week for life by the second injury fund.

This award further provided that the weekly installments bear interest at the rate of 6% per annum from the *date of* the *award* until paid. This award of interest is also assigned as error, but we will discuss this assignment after disposition of the basic question in dispute.

In determining how the 300 weeks of compensation should be apportioned between the employer and the second injury fund, the commission interpreted § 287.-220 to require that it determine *"the extent of disability* resulting from the last accident as distinguished from the *liability* in dollars and weeks for said accident; * * * that said extent of disability must be considered in connection with Section 287.200, RSMo 1959 (Compensation for permanent total disability) rather than in connection with Section 287.190, RSMo 1959 (Permanent partial disability)." The dissenting

commissioner disagreed with the majority's interpretation of § 287.220. He would compute the employer's liability by applying § 287.190. By his reasoning and computation the employer would be liable to the employee for 50% (his permanent partial disability attributable to the last injury) of 400 weeks (the maximum number of weeks for permanent partial disability), or 200 weeks' compensation, plus 20 weeks for the healing period, or a total of 220 weeks. Compensation for permanent total disability being 300 weeks, he would hold that the second injury fund is liable for the difference, or 80 weeks, plus $18.00 per week thereafter for life. The difference between these two theories is 70 weeks.

Appellant contends that the court and commission erred in apportioning the award between the employer and the second injury fund; that the method of apportionment of the award used by the commission and court " * * * violates the clear meaning of Section 287.220 in that it fails to determine the liability of the employer for the disability resulting from the last injury considered alone and of itself"; that this interpretation of § 287.220 is erroneous, because it is unreasonable and arbitrary. The employer contends to the contrary, but concedes in his brief that if § 287.190 is applicable the employee would be entitled to 20 weeks' additional compensation for the healing period for which the employer would be liable.

■ Section 287.220 creates the second injury fund and provides when and what compensation shall be paid from the fund in "all cases of permanent disability where there has been previous disability." It matters not whether the previous disability is "from compensable injury or otherwise." Federal Mutual Insurance Company v. Carpenter, Mo., 371 S.W.2d 955, 957 [3].

Subsection 1 of § 287.220 provides when and what compensation shall be paid from the fund for two separate conditions of permanent disability: (1) permanent partial disability, and (2) permanent total dis-

ability. Under this section, for either condition, the employer is liable only for that disability attributable to or resulting from the last injury.

It is with the second of these conditions that we are concerned. That portion of § 287.220 pertaining to permanent total disability is: " * * * If the previous disability * * *, and the last injury together result in total and permanent disability, the employer at the time of the last injury shall be liable only for the disability resulting from the last injury considered alone and of itself; except that if the compensation for which the employer at the time of the last injury is liable, is less than the compensation provided in this chapter for permanent total disability then in addition to the compensation for which the employer is liable and after the completion of payment of the compensation by the employer, the employee shall be paid the remainder of the compensation that would be due for permanent total disability under section 287.200 out of a special fund known as the second injury fund * * *."

Section 287.190 provides in subsection 1, for payment of compensation for permanent partial disabilities according to a schedule of losses and in addition, regardless of whether the disability is scheduled or unscheduled, provides compensation for a healing period not to exceed 20 weeks. Subsection 3 provides: "For permanent injuries other than those specified in the schedule of losses, the compensation shall be paid for such periods as are proportionate to the relation which the other injury bears to the injuries above specified [in the schedule of losses], but no such period shall exceed four hundred weeks * * *." Section 287.200 provides: "For permanent total disability compensation shall be paid * * * during three hundred weeks, * * * and thereafter * * * for life * * * not less than eighteen dollars * * * per week."

▮ In construing a statute to give effect to the intent of the legislature, we must look to the object sought to be accomplished and the purpose to be served. We must, if possible, give effect to the whole and every part of the statute, including every word, clause and sentence. McCord v. Missouri Crooked River Backwater Levee District of Ray County, Mo., 295 S.W.2d 42, 45 [2, 3]; State ex inf. Kamp ex rel. Rodgers et al. v. Pretended Consolidated School District No. 1 of Montgomery County et al., 359 Mo. 639, 223 S.W.2d 484, 488 [4]; State v. Hallenberg-Wagner Motor Co., 341 Mo. 771, 108 S.W.2d 398, 400 [1]; 82 C.J.S. Statutes § 323, pp. 593–612 and § 346, pp. 705–717. The purpose of the law is to encourage employment of the partially handicapped. Federal Mutual Insurance Company v. Carpenter, supra, 371 S.W.2d 1. c. 957 [4]; Grant v. Neal, supra, 381 S.W.2d 1. c. 841 [7]. Prior to the creation of the second injury fund (Laws of 1943, p. 1068) the employer was obligated under what is now § 287.200 to pay all compensation awarded an employee totally and permanently disabled.

To accomplish the object of encouraging industry to employ the partially handicapped it was necessary that the legislature (1) partially, at least, relieve the employer of his liability to an employee for disability not specifically attributable to injury suffered while in his employment, and, (2) protect the employee by providing a fund from which he would be compensated for that portion, if any, of his disability above that attributable to his last injury. One section (§ 287.220) of the Workmen's Compensation Law expresses this purpose and adopts in broad outline the above scheme. That section fixes the amount of and the time when compensation shall be paid from the fund. The amount of liability of the fund is fixed by direct and indirect reference to other sections of that law. The extent of liability of the fund being fixed by the legislature as the balance or remainder, if any, of the disability after determination of the extent of liability of the employer, it was necessary that it fix and limit the latter's liability. For total and permanent

disability resulting from a previous disability and the last injury together, it fixed and limited the employer's liability to that portion of the disability "resulting from *the last injury considered alone and of itself*." For such permanent total disability, the legislature further fixed the liability, if any, of the fund and the time when payments were to be made therefrom by providing "that if the compensation for which the employer at the time of the last injury is liable, *is less than* the compensation provided in this chapter for permanent total disability then in addition to the compensation for which the employer is liable *and after* the completion of payment of the compensation by the employer, the employee shall be paid *the remainder* of the compensation * * * [due for such disability] out of * * * the second injury fund * * *." (Emphasis supplied.) The quoted and italicized words have meaning in the overall scheme of the law and must be given effect to accomplish its object.

In determining the liability of the employer in this case, we should first consider only the disability resulting from the last injury; otherwise the words "considered alone and of itself" are meaningless. Until that disability is determined, it is not known whether the second injury fund has any liability, for the statute contemplates that the employer's liability for compensation may be at least equal to that provided for permanent total disability in § 287.200; otherwise, it would be meaningless to provide that the fund pay "the remainder" if compensation due from employer for the last injury "is less than" that to be paid for permanent total disability. Here the disability resulting from the last injury alone was a permanent partial disability.

■ Looking to the purpose of the law and giving effect to the whole of § 287.220, we must, and do, hold that the intent of the legislature was that the liability of the employer at the time of the last injury be determined by application of § 287.190, where the last injury results in permanent partial disability, and that injury together with a previous disability result in permanent total disability. Hence, we hold: that the employer's liability in this case is 50% of 400 weeks, or 200 weeks, plus 20 weeks for healing period, for the total of 220 weeks at $20.33 per week; that the second injury fund is liable for the remainder of the 300 weeks due for permanent total disability, or 80 weeks at $20.33 per week, and thereafter for the employee's life at $18.00 per week.

■ Appellant's second and last point is that the court and commission erred in holding that each installment of compensation shall bear interest from the date of the award, November 16, 1964. The accident causing the injury occurred December 14, 1959; almost five years before the final award, and now more than 300 weeks ago. According to appellant's computation, 34 of the 80 installments to be paid by the second injury fund were due on the date of the award, leaving 46 installments not due but to become due weekly after the award date. Appellant contends that the effect of this part of the award is that these 46 installments and the $18.00 weekly pension payments for life start bearing interest before they become due; that this is contrary to § 287.160. That section provides: "Each installment shall bear interest * * * from the date when due until paid." The point is not discussed in the brief of either the employer or the employee, so we assume appellant's computation is accurate.

The award and judgment are erroneous insofar as they impose interest on an installment before the date it is due.

The judgment is reversed and the cause remanded to the circuit court with directions that that court return the cause to The Industrial Commission of Missouri for entry of its award in accordance with this opinion.

All concur.