Rev. H. Ralph JACKSON, Mrs. Maxine Smith, Dr. Vasco Smith, Rev. Ezekiel Bell, Jesse Epps, Father Milton Joseph Guthrie, James H. Lawson, Jr., Ralph Abernathy, Leroy Clark, National Association for the Advancement of Colored People, Memphis Branch, Southern Christian Leadership Conference, Memphis Chapter, on behalf of themselves and all persons similarly situated, Plaintiffs,

v.

Buford ELLINGTON, Governor of the State of Tennessee, David M. Pack, Attorney General for the State of Tennessee, Frank Holloman, Director of Fire and Police, City of Memphis, Henry Lux, Chief of Police, City of Memphis, Phil M. Canale, Attorney General 15th Judicial Circuit, City of Memphis, Defendants.

Civ. No. 69–387.

United States District Court,
W. D. Tennessee, W. D.

Sept. 4, 1970.

Louis R. Lucas, David Caywood, Anthony Sabella, Memphis, Tenn., for plaintiffs.

Jas. M. Manire, City Atty., Frierson M. Graves, Asst. City Atty., Memphis, Tenn., Thomas E. Fox, Deputy Atty. Gen., Nashville, Tenn., J. Clyde Mason, Eugene C. Gaerig, Asst. Attys. Gen., Memphis, Tenn., for defendants.

Before PHILLIPS, Chief Circuit Judge, BROWN, Chief District Judge, and McRAE, District Judge.

## OPINION

ROBERT M. McRAE, District Judge.

Plaintiffs bring this suit as a class action seeking both injunctive and declaratory relief involving the constitutionality of statutes of the State of Tennessee, namely T.C.A. § 39–1011, which prohibits inducing children to be absent from school to participate in a public protest demonstration or breach of peace and T.C.A. § 37–270, which prohibits contributing to the delinquency of minors. A three-judge district court was convened pursuant to 28 U.S.C.A. §§ 2281, 2284.

The individual plaintiffs are Negro and white citizens of the United States each of whom has either been indicted by the Shelby County Grand Jury for violation of one or more of the above statutes or, it is alleged, who may be subjected to investigation, arrest or prosecution under the statutes under attack. The National Association for the Advancement of Colored People, Memphis Branch, and the Southern Christian Leadership Conference, Memphis Branch, are associations organized for the purpose of securing equal opportunities and equal protection of the law for the citizens of Memphis, Tennessee. The defendants are all elected or appointed officials of the state and city governments.

The controversy arises from activities initiated by the plaintiffs in the form of a series of protest activities popularly referred to as "Black Mondays". These Mondays were sponsored to protest grievances against racial policies of the Memphis Board of Education and in furtherance of labor negotiations at St. Joseph's Hospital, a private hospital in Memphis.

Plaintiffs allegedly advocated, through the news media as well as through public and private appearances, that on "Black Monday", and other specified

regularly scheduled days of school, teachers and parents should join with them in their efforts and that parents should request or permit their school-aged children not to attend school in order to participate in the demonstrations and protest activities planned for the respective "Black Mondays".

On December 9, 1969, the Grand Jury of Shelby County returned indictments against all of the named individual plaintiffs, except Leroy Clark, charging them either with conspiracy to violate or violation of the challenged statutes.

Plaintiffs contend that "these prosecutions, indictments, arrests, incarcerations and the processes of criminal prosecutions and the fears of further prosecutions have and will inhibit plaintiffs and their class in the exercise of rights protected by the Constitution of the United States" and that their conduct is fully protected by the First and Fourteenth Amendments to the Constitution. Furthermore, it is argued that the prosecutions are being initiated not in good faith but for the purpose of inhibiting the activities of the plaintiffs. The individual statutes are alleged to be constitutionally infirm in that, among other things, they are vague and overbroad or both.

The defendants contend that this court does not have jurisdiction, and if it has, it should not exercise its jurisdiction but should "abstain". Further, if the court does not abstain, the defendants argue that the court should not grant declaratory nor injunctive relief since the statutes are neither vague nor overbroad on their face. Defendants specifically contend that the court is without authority to issue injunctive relief by virtue of provisions of 28 U.S.C. A. § 2283.

■ Whether the three-judge court should enjoin a pending state court proceeding is a recurring issue in cases of this sort. This court, composed of the same three judges, has previously noted the conflict in the manner in which this question has been resolved. Armstrong

v. Ellington, 312 F.Supp. 1119, 1122 (W.D.Tenn.1970). Upon the record in that case we held that 42 U.S.C.A. § 1983 was not an exception to 28 U.S.C. A. § 2283, therefore, no injunction would issue staying the pending criminal proceedings. Similarly, we hold in the instant case that we should not enjoin the criminal proceedings pending against these plaintiffs.

■ On the question of the constitutionality of the statutes this court finds it has jurisdiction and the doctrine of abstention is not appropriate. A three-judge court is expressly granted jurisdiction to hear such cases as this. This is not a matter of discretion, there is jurisdiction and the Court will fulfill its obligation and duty. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

Regardless of our conclusion concerning injunctive relief, this Court has the duty of issuing a declaration concerning the challenged statutes. "[A] request for a declaratory judgment that a state statute is overbroad on its face must be considered independently of any request for injunctive relief against the enforcement of that statute * * * a federal district court has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction." Zwickler v. Koota, supra, 389 U.S. 254, 88 S.Ct. at 399.

As stated above, the statutes herein involved are attacked as being both vague and overbroad. T.C.A. § 39–1011, which has not been considered by the appellate courts of this state, reads as follows:

*"Inducing children to be absent from school to participate in demonstration or breach of peace.*—It is a misdemeanor for any person to urge, incite or assist any child of the age of eighteen (18) years or under, who is registered as a student at any public or

private school, to leave the child's school while the school is in session, or to not attend the school when the school is in session, for the purpose of participating in a public protest demonstration or breach of the peace.

"It is a misdemeanor for any person to aid, assist, instruct or urge any other person to do any act which would be a violation of this section."

■ As to the vagueness challenge, this Court concludes that T.C.A. § 39–1011 is not unconstitutionally vague under the applicable standards. Giaccio v. Pennsylvania, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966); Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Except for the term "breach of the peace", the statute is a clear enunciation of the activities which are prohibited. Viewed in the light of the language and obvious intent of the statute to keep students in school, the term "breach of the peace" is interpreted to stand for conduct in the nature of a "public protest demonstration", even though this latter term indicates lawful and peaceful conduct whereas "breach of the peace" inherently invokes the implication of disruptive activity.[1] The words "urge", "incite" or "assist" as used in the statute are not unconstitutionally vague.

A more difficult question is whether this statute is invalid for being overbroad; that is, does it prohibit activity constitutionally subject to state regulation, and if so, does the prohibition sweep unnecessarily broad and thereby invade areas and activities constitutionally protected. NAACP v. Alabama, 377 U.S. 288, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964).

■ Undoubtedly, the state has the power and the duty to legislate in the area of public education. The Supreme Court of Tennessee has consistently recognized a state policy of establishing a uniform system of public education for the children of the state, Board of Education of the Memphis City Schools v. Shelby County, Tennessee, 207 Tenn. 330, 339 S.W.2d 569 (1959); Richardson v. Chattanooga, 214 Tenn. 384, 381 S.W. 2d 1 (1964), and of the authority of schools to maintain order and discipline, State ex rel. Sherman v. Hyman, 180 Tenn. 99, 171 S.W.2d 822 (1942), cert. denied, 319 U.S. 748, 63 S.Ct. 1158, 87 L.Ed. 1703.

The statutes herein involved are part of the legislative manifestation of that policy and underline the importance of education in Tennessee. The purpose of these statutes is simply to keep the children in school. They are not intended nor designed to suppress communication of ideas and they should not be applied against any person or group of persons for the purpose of suppressing or inhibiting activity protected by the First Amendment.

■ Communication and advocacy of views may and should take place in the environment of educational institutions. However, it is recognized that the state and school authorities have the authority, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools. In Tinker v. Des Moines School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) the Supreme Court considered the conflict between the regulatory powers of school officials and the First Amendment rights of students. In that opinion the Court stated:

"[C]onduct by the student, in class or out of it, which for any reason— whether it stems from time, place, or type of behavior—materially disrupts classwork or involves substantial disorder or invasion of the rights of others is, of course, not immunized by the constitutional guarantee of free-

---

1. See Armstrong v. Ellington, 312 F.Supp. 1119 (W.D.Tenn.1970) and Original Fayette County Civic and Welfare League v. Ellington, 309 F.Supp. 89 (W.D.Tenn. 1970) wherein the same three judges who heard the instant case considered the constitutionality of other Tennessee statutes which included the phrase "breach of the peace."

dom of speech". At p. 513, 89 S.Ct. at p. 740.

Of course, students may express their attitudes and convictions by appropriate means at other than school hours.[2]

Counsel for plaintiffs urge that the statute, T.C.A. § 39–1011, is unconstitutional on its face because it is a criminal offense to urge a child to participate in public protest demonstrations, which activities are protected by the Constitution. In this regard, it is noted that the statute does not make it criminal to engage in protected activities. The statute makes it a crime to urge students *to leave school* for such purposes.

The statute, plaintiffs allege, purports to punish mere advocacy, and, therefore, is comparable to the criminal syndicalism statute stricken down in Brandenberg v. Ohio, 395 U.S. 444, 89 S.Ct. 1827, 23 L. Ed.2d 430 (1969). This same three-judge panel in an opinion by Judge Brown recently stated in Original Fayette County Civic & Welfare League v. Ellington, 309 F.Supp. 89, 94 (W.D. Tenn.1970) that "[t]he Supreme Court has repeatedly drawn a distinction between mere advocacy, which is an activity protected by the First Amendment, and incitement to imminent lawless action, which is an activity that may be regulated and penalized by the State." We concluded in that case that "a fair and reasonable interpretation of the statute, [T.C.A. § 39–5102] insofar as it makes it criminal to urge, instigate, or lead others to riot, is that conduct is not covered unless it is directed 'to inciting or producing imminent lawless action and is likely to incite or produce such action.' *Brandenberg, supra*."

Similarly, with regard to T.C.A. § 39–1011, this Court concludes that a fair and reasonable interpretation of the statute, insofar as it makes it a crime to urge, incite or assist registered students to leave or not attend school while school is in session, is that "advocacy" is not covered unless it is directed at the students and a close and proximate likelihood exists that the students will leave or not attend school to engage in a public protest demonstration or breach of the peace. Any other construction would have the effect of limiting First Amendment rights to an extent which would effectively deny the efficacy.

With this interpretation, the Court concludes that T.C.A. § 39–1011 is constitutional legislation within an area of governmental interest and control. The legislature of the State of Tennessee has determined that it is a substantive evil to incite school children to leave school to engage in a public protest demonstration or breach of the peace.

The Tennessee Contributing to the Delinquency of a Minor statute, T.C.A. § 37–270, reads as follows:

*"Contributing to delinquency—Penalty—Powers of juvenile judge.*—Any adult who shall contribute to or encourage the delinquency of a child whether by aiding or abetting or encouraging the said child in the commission of an act of delinquency or by participating as a principal with the child in an act of delinquency or by aiding the child in concealing an act of delinquency following its commission shall be guilty of a misdemeanor triable in the circuit or criminal court and shall be punished by imprisonment of not more than eleven (11) months and twenty-nine (29) days or by a fine of not more than one thousand dollars ($1000) or shall be punished by both such imprisonment and fine. * * *"

The Supreme Court of Tennessee has held that this statute is not vague in Birdsell v. State, 205 Tenn. 631, 330 S. W.2d 1 (1959).

The applicable definitions for this statute are found in T.C.A. § 37–242,

---

2. See Graves v. Walton Cty. Board of Education, 410 F.2d 1153, 1155 (C.A.5 1969) wherein the Court noted that school authorities might require postponement of the exercise of First Amendment rights of faculty members to times other than school hours.

which reads, in pertinent part, as follows:

> *"Definitions.*—When used in this chapter unless context otherwise requires:
>
> (1) "Child" means any person less than eighteen (18) years of age, and no exception shall be made for a child who may be emancipated by marriage or otherwise.
>
> \* \* \* \* \* \*
>
> (5) "Delinquent child" means a child
>
> (e) who willfully fails to attend school pursuant to the compulsory school attendance laws; \* \* \*."

Counsel for the plaintiffs contend that T.C.A. § 37–270, when read in conjunction with T.C.A. § 37–242, is unconstitutional for the same reasons advanced as to T.C.A. § 39–1011. Furthermore, counsel for plaintiffs contend that the contributing to the delinquency statute is vague because T.C.A. § 37–242(1) defines "child" as any person less than eighteen (18) years of age, whereas T.C.A. § 37–242(5) defines a "delinquent child" as one "who willfully fails to attend school pursuant to the compulsory school attendance laws", and the compulsory attendance law, T.C.A. § 49–1708, requires only children between seven (7) and sixteen (16) years of age, inclusive, to attend school. Therefore, plaintiffs argue, there is an obvious conflict in the statutory provisions which makes the contributing to delinquency statute so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application. We do not agree with this argument. The sections of the statutes which the plaintiffs are charged with violating prohibit a person from causing a student between the ages of seven (7) and sixteen (16) years of age to willfully fail to attend school in violation of the compulsory attendance law. T.C.A. §§ 37–270, 37–242(5) (e). We do not believe these sections suffer from vagueness or overbreadth. Therefore, this Court concludes that the statutes herein involved are not in contravention to the Constitution of the United States.

An appropriate judgment reflecting the opinion of the Court will be entered.