Bryan LATURNO, Respondent,

v.

Melvin E. CARNAHAN, Treasurer, State of Missouri, as Custodian of the Second Injury Fund, Appellant.

No. 44627.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1982.

Motion for Rehearing and/or Transfer
Denied Oct. 15, 1982.

Application to Transfer Denied
Nov. 15, 1982.

Robert E. Wieland, St. Louis, for appellant.

Charles A. Mogab, St. Louis, for respondent.

CRIST, Judge.

This is a workers' compensation case in which the Treasurer of the State of Missouri, as custodian of the second injury fund (hereafter Fund), appeals an award against the Fund of permanent total disability benefits to the respondent worker (hereafter claimant). The award is affirmed.

When claimant was injured at work in March, 1977, he was about fifty years old. He had worked continuously for that same employer for over thirty years notwithstanding several pre-accident disabilities, the main one being life-long mental retardation which alone, according to expert testimony, had reduced him to doing simple manual tasks as an unskilled laborer under close supervision.

Claimant was carrying cast iron at work when a steel box hit his left leg, and he fell.

The resulting damage to the cartilage and ligaments of his left knee left it laterally unstable, abducted inward about thirty degrees, and the pain from walking gave claimant a pronounced limp which caused an eventual chronic and painful strain of his lower back.

Both the circuit court and the Labor and Industrial Relations Commission upheld the Referee's award on finding claimant had sustained (1) a fifty percent permanent partial disability of his left leg at the knee, (2) a seven and one-half percent permanent partial disability of his body as a whole related to his lower back, and (3) permanent total disability as a result of the permanent partial disabilities combining with the pre-existing ones. Claimant's award against his employer was for 40 weeks of temporary total disability at $95.00 per week, followed by 110 weeks of permanent partial disability (of the left leg and body) under § 287.-190, RSMo. (Supp.1975) at $80.00 per week, the maximum weekly amount then allowed under that section. The award against the Fund was, first, a lump sum for 110 weeks of permanent total disability at $15.00 per week (which when combined with the award against the employer for that period raised claimant's weekly benefits to $95.00, the maximum then allowed for permanent total disability); and second, $95.00 per week thereafter for life. (All references hereafter to statutory sections, unless indicated otherwise, are to RSMo. 1969 provisions that controlled disposition of this case below).

■ The Treasurer's principal point on appeal challenges the permanent total disability award against the Fund of $15.00 per week for 110 weeks, claiming it violates a provision in Section 287.220.–1 that the Fund pay permanent total disability awards against it "after the completion of payment of the compensation by the employer." The statute provided in its pertinent part:

All cases of permanent disability where there has been previous disability shall be compensated as herein provided.  * * * If the previous disability or disabilities, whether from compensable injury or otherwise, and the last injury together result in total and permanent disability, the employer at the time of the last injury shall be liable only for the disability resulting from the last injury considered alone and of itself; except that if the compensation for which the employer at the time of the last injury is liable, is less than the compensation provided in this chapter for permanent total disability then in addition to the compensation for which the employer is liable *and after the completion of payment of the compensation by the employer,* the employee shall be paid the remainder of the compensation that would be due for permanent total disability under Section 287.200 out of special fund known as the second injury fund. . . .  (emphasis added)

The Treasurer claims the Fund pays nothing until after claimant's employer makes its last permanent partial disability payment, meaning that during that 110 week period, claimant—though permanently and *totally* disabled and entitled to compensation therefor of $95.00 per week—receives only permanent *partial* disability payments of $80.00 per week. That is not the intended effect of the clause the Treasurer relies on, and we do not sanction it.

The permanent total disability provisions in Section 287.220 were not enacted to fix the weekly compensation of the permanently and totally disabled, or to limit the Fund's liability therefor. Rather, those provisions were enacted to apportion liability for that compensation between the employer and the Fund. *Stewart v. Johnson,* 398 S.W.2d 850 (Mo.1966). The flaw in the Treasurer's claim is its implicit reliance on two developments in workers' compensation law to accomplish the former purpose under the guise of accomplishing the latter. The first development was *Stewart v. Johnson, supra,* holding that the employer's liability on a second injury resulting in permanent total disability is to be determined under Section 287.190 (as it was here). The second development was the subsequent amendment of Section 287.190, so that maximum weekly benefits under that section

were lower than those for permanent total disability under Section 287.200. Thus, when (as here) the employer's liability on the second injury in a permanent total disability case is determined under Section 287.190 as required by *Stewart v. Johnson, supra;* and when (as here) the weekly benefits to which the worker is entitled for permanent *total* disability under Section 287.200 exceed the maximum weekly benefit allowed for permanent *partial* disability under Section 287.190, the effect of the Fund's nonpayment of any benefits until "after the completion of payment of the compensation by the employer" is that the worker's interim compensation is for the second injury alone, not for the total disability. That consequence does not square with either the beneficient purposes of workers' compensation, or with the express mandate of Section 287.200 that "[c]ompensation for permanent total disability shall be paid during the continuance of such disability for the lifetime of the employee . . . ."

The Treasurer points out that in *Stewart v. Johnson, supra,* the Supreme Court upheld the provision relied on here, and ordered the Fund's payments to commence upon completion of the employer's payments. But the precise issue in *Stewart v. Johnson* was whether Section 287.190 or 287.200 should be used to calculate the employer's liability on the second injury causing permanent total disability. That choice determined only how the first 300 weeks of permanent total disability payments then provided for in Section 287.200 would be divided between the employer and the Fund. The choice had no effect whatever on the worker's weekly benefits which, under the stipulated facts and under the law at that time, would remain the same throughout the 300 week period no matter who paid them or when. At that time, Sections 287.190 and 287.200 contained the same formula for calculating weekly benefits during the first 300 weeks of permanent total disability, and imposed exactly the same minimum and maximum weekly benefits. Not even the prospect of the issue raised here was before the court in *Stewart v. Johnson.*

■ The Treasurer's argument for literal enforcement of Section 287.220's permanent total disability provision is answered in City of *Joplin v. Joplin Water Works Company,* 386 S.W.2d 369, 373–74 (Mo.1965):

> [O]n the principle that the reason of the law should prevail over the letter of the law, courts on numerous occasions, confronted with ambiguous or contradictory language, have adopted a construction which modifies the literal meaning of the words, or in extreme cases have stricken out words or clauses regarded as improvidently inserted, in order to make all sections of a law harmonize with the plain intent or apparent purpose of the legislature.

Accordingly, we hold the clause "and after the completion of payment of the compensation by the employer" in Section 287.220 means that when benefits are awarded against an employer in a second injury case resulting in the worker's permanent total disability, the Fund shall not assume responsibility for paying that part of the permanent total disability compensation assessed against the employer until after the employer completes payment of that award against it. Further, because the compensation for which the employer was liable was less than that to which the claimant was entitled, the Fund was properly liable for the difference under Section 287.220's provision that "in addition to the compensation for which the employer is liable . . . the employee shall be paid the remainder of the compensation that would be due . . . out of a special fund known as the second injury fund . . . ." The award against the Fund was not error.

■ Citing the Referee's remark that "[w]hile this employee was permanently totally disabled at the time of his accident, in terms of competition on the open labor market," the Treasurer contends no award for permanent total disability should have been made because no additional disability could logically result from the claimant's second injury. Ability to compete in the labor market is a test for permanent total disability in that it measures the worker's pros-

pects for returning to employment. Section 287.020(7); *Vogel v. Hall Implement Co.,* 551 S.W.2d 922, 926–27 (Mo.App.1977). But a test for probable future employment cannot change the fact of past employment. The Referee's remark just quoted concludes by finding "[claimant] now is permanently totally disabled as a result of the pre-existing disability combined with the disability from this accident." That conclusion is supported by sufficient competent evidence, and no error of law appears. Section 287.-495, RSMo. (Supp.1981).

The circuit court's judgment upholding the Commission's order is affirmed.

REINHARD, P.J., concurs.

SNYDER, J., concurs in part and dissents in part in a separate opinion.

SNYDER, Judge, dissenting.

I respectfully dissent from that portion of the opinion which affirms the $15.00 per week award against the second injury fund for the 110 weeks during which the employer is required to pay for permanent partial disability.

I concur in the majority opinion as it affirms the trial court judgment affirming the Labor and Industrial Relations Commission's award of permanent total disability due to the second injury.

Section 287.220.1 reads in part "* * * except that if the compensation for which the employer at the time of the last injury is liable, *is less than* the compensation provided in this chapter for permanent total disability, then in addition to the compensation for which the employer is liable and *after the completion of payment* of the compensation by the employer, the employee shall be paid the remainder of the compensation that would be due for permanent total disability under § 287.200 out of a special fund known as the Second Injury Fund. * * * *" (Emphasis added).

In effect, the majority are amending the statute. It plainly says (and the majority ignores this wording completely) that if the compensation for which the employer is liable is less than the compensation for permanent total disability, the payments for per-

manent total disability are to be made only after the completion of payment of the compensation by the employer.

Nothing could be plainer. And the compensation to be paid by the employer is in fact less than the permanent total disability compensation.

The legislature is presumed to know the statutes. When the change in the rates was legislated, making the rate for permanent partial disability less than that for permanent total disability, the statute which was in effect required the permanent total disability payments to be made only after the completion of the employer's payment. If the legislature had wished to change § 287.220.1 at that time, they could have done so. They failed to amend, perhaps for a reason pertaining to the second injury fund or for some other reason not readily apparent because of a lack of legislative history. It is not up to this court to usurp that legislative function.

I concur in that part of the majority opinion which affirms the finding of permanent total disability resulting from the second injury.

I dissent from the portion of the majority opinion which affirms the permanent total disability award to be paid during the period of permanent partial disability.