Richard HUGHEY,
Employee/Respondent,

v.

CHRYSLER CORPORATION,
Employer–Self–Insured/Appellant,

and

Treasurer of the State of Missouri as
Custodian of the Second Injury Fund,
Respondent/Additional Party.

No. ED 78009.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 19, 2000.

Robert M. Evans, St. Louis, MO, for appellant.

James A. Fox, St. Louis, MO, for respondent.

Jeremiah W. (Jay) Nixon, Attorney General, Rebecca Martin Rivers, Assistant Attorney General, Jefferson City, MO, Attorney for Second Injury Fund.

CRANDALL, Judge.

In this workers' compensation action, employer, Chrysler Corporation, appeals from a decision of the Labor and Industrial Relations Commission (Commission) awarding claimant, Richard Hughey, permanent total disability benefits and a decision that the Second Injury Fund has no liability. We affirm.

In 1984, claimant began working on employer's assembly line. On April 7, 1994, claimant was working on the assembly line installing power steering brackets. That day claimant stepped down from a storage rack while carrying a box of brackets and felt a "pop" in his lower back. Claimant reported the injury to employer's medical department. Claimant's pain became progressively worse during the ten days after the injury and he has not worked since April 17, 1994. Claimant underwent back surgeries in August 1994 and October 1994. Dr. Barry Samson, one of the surgeons, would later state that claimant did not have "a good result" from the two surgeries. According to claimant, his condition has worsened since the surgeries and he suffers from constant pain. Prior to April 1994, claimant suffered from coronary artery disease and his family physician had diagnosed him with mild thoracic outlet syndrome. As a result of these conditions, claimant had certain work restrictions in April 1994, such as no lifting over fifty pounds.

Claimant filed a claim for workers' compensation benefits. Claimant, employer and the Second Injury Fund presented exhibits, including depositions, at the hearing conducted by an administrative law judge (ALJ). Claimant and his wife testified at the hearing. The ALJ found that claimant was permanently and totally disabled. The ALJ further found that the April 7, 1994 injury "in and of itself" rendered claimant permanently and totally disabled and therefore employer was liable for the benefits awarded. Accordingly, the ALJ found that the Second Injury Fund had no liability. The Commission entered a final award adopting the decision and findings of the ALJ. Employer raises two points on appeal.

■ This court will modify, reverse, remand or set aside an award only if the Commission acted without or in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award or there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.495.1 RSMo. Cum.Supp.1998; *Akers v. Warson Garden Apartments*, 961 S.W.2d 50, 52–53 (Mo. banc 1998). When the Commission affirms or adopts the findings of an ALJ, we review the decision and findings of the ALJ as adopted by the Commission. *Soos v. Mallinckrodt Chemical Co.*, 19 S.W.3d 683, 685 (Mo.App. E.D. 2000). We defer to the Commission on issues concerning credibility and the weight to be given conflicting evidence. *Id.* We review independently, however, questions of law. *Cahall v. Cahall*, 963 S.W.2d 368, 372 (Mo.App. E.D.1998).

We first address employer's second point. Employer argues that the Commission misapplied section 287.220 RSMo.1994 in refusing to hold the Second Injury Fund liable. Employer contends that the overwhelming weight of the evidence regarding claimant's coronary heart disease and thoracic outlet syndrome demonstrated that claimant had a preexisting disability on April 7, 1994, when he injured his back. Employer further contends that the preexisting disability constituted a hindrance or obstacle to employment and combined with the disability from the April 7, 1994 injury

to create a greater disability than would have resulted from the sum of the two disabilities.

Section 287.220 creates the Second Injury Fund and sets forth when and the amount of compensation that shall be paid from the fund in "[a]ll cases of permanent disability where there has been previous disability." *See Stewart v. Johnson,* 398 S.W.2d 850, 852 (Mo.1966); *Roller v. Treasurer of Mo.,* 935 S.W.2d 739, 741 (Mo. App. S.D.1996). Section 287.220.1 provides in part:

> All cases of permanent disability where there has been previous disability shall be compensated as herein provided.... If the previous disability or disabilities, whether from compensable injury or otherwise, and the last injury together result in total and permanent disability, the minimum standards under this subsection for a body as a whole injury or a major extremity injury shall not apply and the employer at the time of the last injury shall be liable only for the disability resulting from the last injury considered alone and of itself; except that if the compensation for which the employer at the time of the last injury is liable is less than the compensation provided in this chapter for permanent total disability, then in addition to the compensation for which the employer is liable and after the completion of payment of the compensation by the employer, the employee shall be paid the remainder of the compensation that would be due for permanent total disability under section 287.200 out of a special fund known as the "Second Injury Fund"...

In *Stewart,* the court considered the Second Injury Fund's and the employer's liabilities under section 287.220.1, where the claimant was permanently and totally disabled.[1] *Stewart,* 398 S.W.2d at 851. The court held that in determining liability, the first consideration is the disability resulting from the last injury; "otherwise the words 'considered alone and of itself' " in section 287.220 are meaningless. *Id.* at 854.

■ In deciding whether the Second Injury Fund has any liability, the first determination is the degree of disability from the last injury. *Id.; Vaught,* 938 S.W.2d at 939; *Roller,* 935 S.W.2d at 741. "Until that disability is determined, it is not known whether the second injury fund has any liability...." *Stewart,* 398 S.W.2d at 854. Accordingly, a claimant's preexisting disabilities are irrelevant until employer's liability for the last injury is determined. *Kizior v. Trans World Airlines,* 5 S.W.3d 195, 201 (Mo.App. W.D.1999); *Roller,* 935 S.W.2d at 743–44. If a claimant's last injury in and of itself rendered the claimant permanently and totally disabled, then the Second Injury Fund has no liability and employer is responsible for the entire amount. *Id.; Vaught,* 938 S.W.2d at 939.

■ The Commission found that claimant's April 7, 1994 injury "in and of itself" rendered claimant permanently and totally disabled. Claimant testified that he has constant back pain and suffers from shocking sensations down his leg. In discussing his condition, claimant stated that he has "good days and bad days." The number of "bad days" can be "three or four out of a week or a month." According to claimant, on "bad days" the pain and the shocking sensations become worse, he takes medication that makes him groggy and affects his thinking and speech, he engages in no activities, and spends probably eighty percent of the day reclining or lying down. Claimant further stated that on a "good day" he can walk about 200 yards but he will not even attempt to walk on a "bad day." Dr. Samson testified by deposition for employer. He stated that he assumed

---

1. The court considered section 287.220.1 RSMo.1959. *Stewart,* 398 S.W.2d at 851 n. 1. Since 1959, the legislature has amended section 287.220.1 but the pertinent portions of the statute for purposes of this case remain unchanged. *See Vaught v. Vaughts, Inc./Southern Missouri Constr.,* 938 S.W.2d 931, 938 (Mo.App. S.D.1997).

that an irritation of one of claimant's nerve roots was causing claimant's numbness in the right leg and buttocks and the shock symptoms. He also stated that surgical scarring was contributing to claimant's pain. Although Dr. Samson stated that claimant was permanently and partially disabled and not permanently and totally disabled from the back injury alone, he did not believe that claimant was malingering or exaggerating his complaints. Dr. Samson further stated that claimant's assertion that he had "bad days" two or three times a week would not be inconsistent with his findings. James England, a rehabilitation counselor, testified by deposition for claimant. When asked whether claimant's "pain and problems in his low back alone" rendered him unemployable in the open labor market, England responded "If somebody because of a condition is that limited physically I think that would negate the ability to maintain employment." England also responded affirmatively when asked whether claimant's back injury alone caused him to believe claimant was unemployable. The Commission's finding is supported by substantial and competent evidence and it did not misapply section 287.220. Employer's second point is denied.

Employer argues in its first point that the Commission erred in awarding claimant "permanent total disability benefits from the employer for the reasons that claimant failed to prove that the April 7, 1994 work-related accident, independent of other factors, caused him to be permanently and totally disabled, and the overwhelming weight of the competent and substantial evidence demonstrated that [claimant] sustained permanent partial disability, not permanent total disability, as a result of the work-related accident." The Commission's decision is supported by competent and substantial evidence on the whole record; no error of law appears. An extended opinion for this point would have no precedential value. Employer's first point is denied. Rule 84.16(b).

The decision of the Commission is affirmed.

AHRENS, P.J. and JAMES R. DOWD, J., concur.