**Kim FELD, Appellant,**

v.

**TREASURER OF MISSOURI AS CUSTODIAN OF the SECOND INJURY FUND, Respondent.**

**No. ED 87514.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 5, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 11, 2006.

to Dismiss Appeal, or, in the Alternative, Motion to Strike Appellants' Brief is denied.

Da–Neil Cunningham, Saint Louis, MO, for respondent.

John D. Schneider, Saint Louis, MO, for appellant.

### OPINION

GLENN A. NORTON, Presiding Judge.

Kim Feld appeals the Labor and Industrial Relations Commission's ("Commission") decision denying Second Injury Fund ("SIF") liability and adopting the Administrative Law Judge's ("ALJ") decision, which concluded that Feld's permanent total disability exclusively resulted from his latest work-related injury. We reverse and remand.

### I. BACKGROUND

Feld was working as a laborer and installing flooring when he injured his back while pushing and pulling a large piece of equipment into place on December 2, 1994. He filed a claim for workers' compensation on May 17, 1995.

At the hearing on his claim, the following evidence was adduced. Feld had several previous injuries to his back. Most notably, he was treated surgically for a herniated disc in his lower back at L5–S1 in 1984. He also had a work injury in 1987, for which he filed a workers' compensation claim. In a settlement, the SIF

agreed to accept liability for 22.5 percent of the back injury attributed to the 1984 injury.

Feld was evaluated and treated by several doctors in the years following his 1994 accident. Dr. John Gregnani saw Feld in June 1995 and September 1996. He suggested no surgical treatment and that Feld return to work. Dr. George Schoedinger first saw Feld in October 1995 and performed three surgeries on his back over the next three years. Dr. Schoedinger found a ruptured disc at L5–S1, the same disc that received treatment in 1984. In his report after the first surgery, he stated that the current injury, along with the 1984 injury and surgery, contributed to his permanent total disability. Dr. Barry Feinberg also evaluated Feld in the course of pain treatment and found that the earlier injuries contributed to permanent total disability. Dr. Joseph Hanaway saw Feld in 1999 and reported that the cause of the permanent total disability was *"mainly* because of the low back trauma ... [in] 1994" (emphasis added).

Relying on the opinion of Dr. Hanaway, the ALJ found Feld permanently and totally disabled, but awarded no compensation from the SIF. Feld filed a petition for review with the Commission, which found that the ALJ's award was supported by substantial and competent evidence. The Commission affirmed the ALJ's finding of no SIF liability.

## II. DISCUSSION

▮ On appeal from a decision in a workers' compensation case, we:

may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 287.495.1 RSMo 2000.[1] We must examine the record as a whole to determine if sufficient substantial and competent evidence exists to support the award, or whether the award is contrary to the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003). Where, as here, the Commission affirms the award and decision of the ALJ in a workers' compensation case, we review the award and decision of the ALJ as adopted by the Commission. *Hughey v. Chrysler Corp.,* 34 S.W.3d 845, 846 (Mo.App. E.D. 2000).

Feld alleges in one point on appeal that the Commission erred in interpreting and applying section 287.220. Section 287.220.1 establishes the SIF and explains distribution of its funds. Separate clauses of the statute address treatment of cases of permanent *total* disability and permanent *partial* disability. The clause addressing permanent partial disability states that "the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability." Section 287.220.1. The clause addressing permanent total disability states that "the employer at the time of the last injury shall be liable only for the disability resulting from the last injury considered alone and of itself. . . ." *Id.*

1. All statutory references are to RSMo 2000.

■ We interpret workers' compensation law with the tools of statutory construction. *Frazier v. Treasurer of Missouri as Custodian of Second Injury Fund,* 869 S.W.2d 152, 156 (Mo.App. E.D. 1993), *overruled on other grounds by Hampton,* 121 S.W.3d at 222–23. Therefore, we ascertain the intent of the legislature by considering the plain meaning of the statute's terms. *Id.* Disparate inclusion or exclusion of language in different portions of the same statute is evidence of legislative intent. *Jantz v. Brewer,* 30 S.W.3d 915, 918 (Mo.App. S.D.2000). Section 287.220.1 contains separate sentences addressing liability for partial and total disabilities with similar, but not identical, language. Importantly, the sentence for total disability does not contain the phrase "had there been no preexisting disability." A plain meaning interpretation of section 287.220.1 shows that that phrase is to be considered in an analysis of liability for permanent partial disability, but not for permanent total disability.

The Commission stated in its decision that the first step in analyzing liability is to consider the employer's liability resulting from "the last injury had there been no preexisting disability," echoing language from the portion of the statute assessing liability for permanent *partial* liability. This analysis is inconsistent with the plain meaning of the statute. The Commission erred in relying on such language in assessing SIF liability for permanent total disability.

■ We find that analysis of permanent total disability is more properly treated in *Hughey v. Chrysler Corp.* 34 S.W.3d 845 (Mo.App. E.D.2000). That case stated that "the first determination is the degree of disability from the last injury." *Id.* at

847. Further, "[i]f a claimant's last injury in and of itself rendered the claimant permanently and totally disabled, then the Second Injury Fund has no liability and employer is responsible for the entire amount." *Id.* This language accurately interprets the portion of the statute assessing SIF's liability for permanent total disability.

■ The Commission misapplied the law analyzing permanent total disability. It should have determined whether the record contained substantial and competent evidence demonstrating that Feld's permanent total disability was caused by the last injury alone and of itself. Feld's other points on appeal address the sufficiency of evidence supporting the Commission's decision. He repeatedly asserts that there is no evidence contradicting the experts who stated that the preexisting injury contributed to the permanent total disability.

The Commission disregarded all expert testimony except Dr. Hanaway's because he was the only physician who rendered an opinion and "[did] not have a stake in the outcome of this case...."[2] Dr. Hanaway's report stated that Feld has permanent total disability "mainly because of the low back trauma ... [in] 1994" and that his total disability was "just based on his back, most of which is based on the 1994 accident."

Dr. Hanaway's statements alone do not establish that the last injury in and of itself must have rendered the claimant permanently and totally disabled. To state that a condition was "mainly" or "most[ly]" caused by one factor necessarily implies that other factors also caused it, and that the primary factor did not act

---

2. The Commission's decision did not expand upon this statement. At oral argument, counsel for Feld speculated that the Commission's credibility evaluations were based upon unpaid bills for the physicians in question.

alone and of itself. Drs. Schoedinger and Feinberg both testified that Feld's permanent total disability was a combination of previous injuries and the latest injury. No other evidence in our review of the record, whether referenced in the Commission's written decision or not, indicates that permanent total disability was caused exclusively by the 1994 injury. Therefore, the Commission's award was not warranted by substantial competent evidence in the record.

### III. CONCLUSION

We reverse the judgment and remand the cause to the Labor and Industrial Relations Commission for entry of an award consistent with this opinion.

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concurring.