Debbie LOUDEN, a minor, by her guardian, Marilyn Ingram, Claimant-Respondent,

v.

RICHMOND LIFE INSURANCE COMPANY and United States Fidelity & Guaranty Company, Employer and Insurer-Appellants,

and

Midwestern Land & Investment Company and Firemen's Insurance Company of Newark, New Jersey, Employer and Insurer-Appellants.

No. 9377.

Missouri Court of Appeals, Springfield District.

June 27, 1973.

James A. Dunn, Carthage, Clyde R. Allemann, Springfield, for claimant-respondent.

John R. Martin, Joplin, for employer and insurer-appellants Richmond Life Ins. Co. and United States Fidelity & Guaranty Co.

Kenneth H. Reid, Springfield, for employer and insurer-appellants Midwestern Land & Investment Co. and Firemen's Ins. Co. of Newark, New Jersey.

BILLINGS, Judge.

The minor dependent of an airplane pilot was denied death benefits under the Missouri Workmen's Compensation Act [herein the Act] by the hearing referee but upon review by the Industrial Commission of Missouri [herein Commission] the decision was reversed and an award entered. Appeal of the Commission's action to the Greene County Circuit Court resulted in a modification of the award, but as modified, the award was affirmed.

The amended claim for compensation alleged Roger K. Louden, father of Debbie, was killed in an airplane crash while performing his duties as a pilot. Employers were alleged to be Richmond Life Insurance Co., [herein Richmond] or Midwestern Land and Investment Co., [herein Midwestern], or both, with the insurer being alleged to be United States Fidelity & Guaranty Company [herein U. S. F. & G.]. It was also alleged that the deceased was employed as a pilot for Richmond and on the date of the fatal crash was piloting the president of Richmond [who the record shows was also president of Midwestern] in an airplane leased by Midwestern.

Richmond and U. S. F. & G. filed an answer on behalf of Richmond denying the claimant's allegations, including the specific denial that U. S. F. & G. was insurer for either Richmond or Midwestern. A separate answer to the amended claim was filed by Midwestern and Firemen's Ins. Co. of Newark, N. J., [herein Firemen's] denying the various allegations of the claim and Firemen's denying it insured Midwestern's liability under the Act.

At the hearing before the referee U. S. F. & G. and Firemen's denied they insured the liability of Richmond and Midwestern under the Act. In the referee's findings and order denying benefits U. S. F. & G. was shown as the insurer for Richmond and Firemen's was shown as the insurer for Midwestern.

In reversing the referee in its review the Commission showed U. S. F. & G. as insurer for Richmond and Continental Insurance Company as insurer for Midwestern. The findings and conclusions of the Commission made no mention of any insurer.

Appeal of the Commission's award by appellants to circuit court followed and the court affirmed the award after modifying it as to the amount of weekly benefits due claimant and ". . . [T]o show the insurer of the Midwestern Land and Investment Company as the Firemen's Insurance Company of Newark, New Jersey, instead of the Continental Insurance Company."

§ 286.090(1), RSMo, 1969, V.A.M.S., is as follows: "In every appeal coming before it from any of the divisions of the department, *the commission shall prepare and file a written statement giving its findings of fact and conclusions of law on the matters in issue in said appeal together with the reasons for its decision therein*; except that a decision of a division of the department meeting the requirements of this section may be affirmed or adopted without such written statement." (emphasis added.)

 Here, the Commission failed to comply with the statutory mandate in its reversal of the division's decision denying

benefits since no findings of conclusions as to insurance coverage or insurance carriers were made. The matter of non-coverage of the alleged employers was raised and contested by both U. S. F. & G. and Firemen's.[1] Whether there was live and subsisting insurance coverage by either, or both, of the alleged carriers ". . . [I]s part and parcel of the ultimate determination of liability under the Act of those persons before the Commission. . . ." Harris v. Pine Cleaners, 296 S.W.2d 27, 30 (Mo. banc 1956). The question as to who is the insurance carrier for an employer is ordinarily a question of fact. 100 C.J.S. Workmen's Compensation § 618. (1968)[2] The Commission should make findings of fact and conclusions of law which show the actual grounds of decision and which are sufficiently specific to make possible an intelligent judicial review. And, the findings of fact should be stated in affirmative terms, positively and not negatively. Enriquez v. Chemical Sealing Corporation, 409 S.W.2d 686 (Mo.1966).

In view of the foregoing we must defer consideration of the remaining issues herein until such time as the Commission ". . . [S]hall prepare and file a written statement giving its findings of fact and conclusions of law on [all] the matters in issue . . . together with the reasons for its decision . . . ."

The judgment of the circuit court is reversed and remanded with directions to remand the case to the Industrial Commission of Missouri for further proceedings consistent with this opinion.

TITUS, C. J., and STONE and HOGAN, JJ., concur.

---

1. § 287.280 requires an employer to insure his liability under the Act with an approved carrier unless the employer is approved as a self-insurer. Non-compliance can result in an employee seeking to recover outside the Act, or under the Act with compensation being commuted and immediately payable.
§ 287.300 provides that where the employer's liability is insured the insurer shall be primarily and directly liable, whereas if the employer is not insured the employer's liability is primary and direct.
§ 287.030(2) states that any reference to the employer shall also include his insurer.

2. § 287.300 also provides: ". . . On the request of the commission and at every hearing the employer shall produce and furnish it with a copy of his policy of insurance, and on demand the employer shall furnish the injured employee, or his dependents with the correct name and address of his insurer, and his failure to do so shall be prima facie evidence of his failure to insure, but such presumption shall be conclusively rebutted by an entry of appearance of his insurer."