Debbie LOUDEN, a minor, by her Guardian, Marilyn Ingram, Claimant-Respondent,

v.

FIRST COMMONWEALTH LIFE INSURANCE COMPANY (formerly Richmond Life Insurance Company), Employer-Respondent,

Midwestern Investment and Land Corporation, Employer,

and

United States Fidelity and Guaranty Company, Insurer-Appellant,

Firemen's Insurance Company of Newark, New Jersey, Insurer.

No. 9864.

Missouri Court of Appeals, Springfield District.

June 23, 1976.

Clyde R. Allemann, White, Dickey & Allemann, Springfield, James A. Dunn, Carthage, for claimant-respondent.

Ronald R. McMillin, Carson, Monaco, Coil & Riley, P. C., Jefferson City, for employer-respondent.

John R. Martin, Joplin, for insurer-appellant.

PER CURIAM:

On April 10, 1972, the Industrial Commission of Missouri made an award of workmen's compensation in the amount of $57.00

per week for a stated period, (afterwards limited by amendment to a term of 185–3/7ths weeks), in favor of Debbie Louden, minor child of Roger K. Louden who was killed in a plane crash in Greene County while allegedly engaged in the discharge of his duties as an employee of Richmond Life Insurance Company, (now known as First Commonwealth Life Insurance Company), and Midwestern Investment and Land Corporation. An appeal from that award reached us in due course, at which time it was discovered that the Commission had failed to make a finding as to the liability of the two alleged insurers in the case, both of whom had denied coverage. Since a resolution of that issue was indispensable to a final adjudication of the claim, we were obliged to remand the case for such further proceedings as might be necessary to supply the omission. *Louden v. Richmond Life Insurance Company*, 497 S.W.2d 188 (Mo. App.1973). The Commission has now complied with our mandate in that particular and the case is again before us for review.

Unfortunately, upon further examination of the record, we find it necessary to remand the case again to correct another deficiency; [to the end that all material aspects of the claim may be finally disposed of by our judgment, as the law contemplates. *Swindler v. Gross*, 395 S.W.2d 109, 110 (Mo.1965). The necessity arises out of this circumstance:

The amount of compensation to be awarded is, of course, an essential issue implicit in every claim where liability is denied, as it is here, and the finding of the Commission with respect to it must be based on competent evidence of the employee's earnings. In the case at hand, however, the only evidence offered to establish the earnings of the alleged employee was a purported "Wage & Tax Statement," (Form W–2), received by his administratrix through the mail some time after his death. It was unsolicited, unsigned, and unaccompanied by any communication or other means of determining its authenticity or accuracy beyond its own recitals. It bore the printed name and address of Richmond Life Insurance Company, as "employer," and the typewritten name and address of the deceased, as "employee," and purported to show that over an unspecified period in 1968 the deceased had been paid wages in the amount of $1,200.00. It was a document unvouched for by anyone, containing a recitation of purported facts touching which the offering party had no independent knowledge, offered for the purpose of establishing the truth of those facts. As such, it was hearsay in textbook example, incompetent as evidence of anything recited in it or inferable from it, and appellant's timely and proper objection to it should have been sustained.

Since the Commission's findings, in this particular at least, were obviously based on it, the judgment of the circuit court must be reversed with directions to remand the cause to the Commission for such further proceedings as may be deemed necessary in the circumstances.

So ordered.

All concur.