**George D. BROWN, Employee/Appellant,**

v.

**TREASURER OF MISSOURI, as Custodian of the Second Injury Fund, Appellee.**

No. 57288.

Missouri Court of Appeals, Eastern District, Division Four.

July 10, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15 1990.

Application to Transfer Denied Oct. 16, 1990.

Kenneth A. Leeds, Clayton, for employee, appellant.

William E. Roussin, Susan Kreher Roach, Chesterfield, for appellee.

CARL R. GAERTNER, Judge.

Worker's compensation claimant, George Brown, appeals from the decision of the Labor and Industrial Relations Commission affirming the administrative law judge's denial of permanent total disability benefits from the Second Injury Fund. We reverse and remand.

At the time of the hearing Brown was sixty years old with a high school education. He had been a mechanic for twenty years prior to sustaining a back injury in 1962 which necessitated a lumbar laminectomy and additional low back surgery in 1965. Because of this injury, Brown was forced to seek less physically strenuous employment. Although continuing to experience problems with his back, he was able to work as a maintenance foreman until August 18, 1981. On that date he fell from a ladder at work reinjuring his back and severely damaging the nerves in his right foot. He has undergone five separate surgical procedures on his foot including amputation of the index toe, exostectomy to the great toe, two tarsal tunnel releases as well as extensive physical therapy and a pain management program. He continues to require the use of crutches to walk more than a short distance. His back injury was aggravated and has been progressively more painful. Standing and walking cause pain in his foot, sitting and lying down cause pain in his back. He identified seven drugs which were currently prescribed for pain and to help him sleep.

The medical evidence consisted of various hospital records and the reports of four doctors. Dr. David Stronsky, Brown's orthopedic surgeon and treating physician, concluded "it is anticipated that he will

never return to work." Dr. Jerome Levy, who examined Brown in 1983 and again in 1986, reported that his condition had considerably worsened during the interim and concluded that the combination of partial disabilities of his foot and back rendered him "permanently and totally disabled for any work for which he is reasonably trained by way of education and experience." Dr. Marshall Conrad, noting that Brown's abnormal gait caused by the foot injury contributed to his back problems, concluded "I do not believe that this man is going to be able to get back to anything but the most sedentary work. This would have to be work that he could do at bench sitting and still would be able to get up and move around occasionally to alleviate his back pain." Dr. Ralph Graff examined Brown on behalf of the Second Injury Fund and reported that he had twenty-five percent permanent partial disability of the man as a whole as a result of the preexisting back condition and an additional fifteen percent due to aggravation of the back condition in the 1981 fall. Dr. Graff rated his disability as a result of the foot injury to be twenty percent permanent partial disability of the man as a whole. He concluded "it is my opinion that these conditions do not preclude Mr. Brown from working." Although examining for and reporting to the Second Injury Fund, Dr. Graff's report is silent regarding the effect upon Brown's disability of the combination of the two disabilities which he considered separately.

Brown filed a claim with the Division of Worker's Compensation seeking benefits for permanent total disability against his employer and the Second Injury Fund. He entered into a settlement agreement of his claim against the employer pursuant to which he was awarded permanent partial disability benefits for the injuries to his foot and for the aggravation of his preexisting back injury. His claim against the Second Injury Fund proceeded to hearing. The administrative law judge found:

> Based on all the credible evidence as well as the claimant's own testimony and demeanor at trial, it cannot be disputed that Mr. Brown severely damaged the nerves in his right foot or that he exacer-

bated a preexisting back condition; however, these problems would entitle him to an award for permanent partial disability but fall short of the evidence required to establish permanent total liability against the Second Injury Fund. Accordingly, it is found that the Second Injury Fund is responsible for permanent partial disability in the amount of fifty weeks or $5,220.

In reaching this conclusion the ALJ found "significant" Brown's testimony that he could work except for residual disability to his foot and that although the 1981 accident increased his back complaints, "these increased symptoms would not have kept the employee from working...." For these reasons the ALJ rejected Brown's contention the combined effect of the two injuries "made him a permanent total against the Second Injury Fund." The ALJ made no specific finding regarding a greater degree or percentage of disability resulting from the combination of the two disabilities. This award was affirmed on appeal to the Labor and Industrial Relations Commission with one dissenting vote. Only the dissenting member wrote an opinion.

■ The scope of appellate review of a worker's compensation award is circumscribed by § 287.495 RSMo. 1986. Insofar as the issues presented by this appeal are concerned, we must affirm the Commission unless the facts found by the Commission do not support the award or if there was not sufficient competent evidence in the record to warrant the making of the award. If the competent evidence is conflicting, the choice lies with the Commission and its finding will not be disturbed unless it acted unreasonably in accepting evidence which is not substantial and decided the issue contrary to the overwhelming weight of the evidence. *Low v. A.C.F. Industries*, 772 S.W.2d 904, 906 (Mo.App.1989). So that a proper judicial review under these standards can be effected, the Commission is required by § 286.090.1 RSMo. 1986 in every appeal coming before it from a division of the Department of Labor and Industrial Relations, such as the Division of

Worker's Compensation, to file a written statement giving its findings of fact and conclusions of law *together with the reasons for its decision.* The Commission may affirm or adopt a decision of a division which meets the requirements of the statute. Findings of fact should be stated in affirmative terms positively and not negatively and with sufficient specificity to make possible intelligent judicial review. *Lauden v. Richmond Life Ins. Co.,* 497 S.W.2d 188, 190 (Mo.App.1973). The record presented to us on this appeal fails to conform to these requirements.

The award signed by two of the commissioners contains no independent findings of fact or conclusions of law but merely incorporates the award of the ALJ. We, therefore, consider that award to be the findings and conclusions of the Commission.

▮ The liability of the Second Injury Fund is dependent upon a finding that the degree or percentage of disability resulting from the combination of a preexisting permanent partial disability and the disability resulting from a subsequent injury is greater than the sum of the degree or percentage of the two disabilities. § 287.220 RSMo. 1986. The employer is liable only for the disability resulting from the work related injury and the Second Injury Fund is liable for the difference between the sum of the two disabilities and the disability resulting from their combination. *Anderson v. Emerson Electric Co.,* 698 S.W.2d 574, 576 (Mo.App.1985). Where a preexisting permanent partial disability combines with a work-related permanent partial disability to cause permanent total disability, the Second Injury Fund is liable for the compensation due the employee for permanent total disability, but only after the employer has paid the compensation due the employee on account of the disability resulting from the work-related injury. *Id.* The crucial question presented by Brown's claim against the Second Injury Fund was whether his work-related foot injury combined with his preexisting back injury so as to result in a greater disability than the sum of the two disabilities con-

sidered independently, and if so, to what extent.

The award of the ALJ, inferentially adopted by the majority of the Commission, is silent regarding any specific finding on these questions. No finding was made regarding the percentage of preexisting disability or the percentage of disability resulting from the 1981 injury. Implicit in the award of fifty weeks of compensation against the Fund is a finding that the overall disability was increased as a result of combining the two partial disabilities to the extent of 12.5 percent of a man as a whole. Nothing in the record supports such a conclusion. The evidence is in stark conflict. Either, as testified to by Brown and confirmed by Drs. Stronsky, Conrad and Levy, the combination of the two permanent partial disabilities resulted in permanent total disability or, as reported by Dr. Graff, the two permanent partial disabilities considered independently did not result in permanent total disability. The award does not resolve the conflict in the evidence; it disregards the evidence and reaches a conclusion regarding medical causation which is not supported by any competent, substantial evidence.

The award fails to comply with the requirement of § 286.090.1 in that it does not state any reason for the decision that two partial disabilities combined to create a greater partial disability. The finding that the injury to the right foot and the exacerbation of the preexisting back condition would entitle Brown to an award for permanent partial disability does not furnish a reason for finding that he was not totally disabled by virtue of the combination of these disabilities with the preexisting back disability. The findings of fact set forth in the award could be read as a basis for concluding that Brown's present disability resulted entirely from the foot injury and the aggravation of the preexisting back injury in the 1981 accident and that no liability could be imposed upon the Second Injury Fund. But that is inconsistent with the conclusion implicit in the award of fifty weeks compensation against the Fund.

Furthermore, the record discloses no evidentiary support for the conclusion that the combination of the preexisting disability with the disability resulting from the 1981 accident resulted in a greater degree of permanent partial disability than the sum of the two disabilities, but not in permanent total disability. The only evidence that Brown was not totally and permanently disabled was the report of Dr. Graff. But despite the fact that he was retained by the Second Injury Fund, Dr. Graff did not address the effect of combining the two disabilities, he merely rated each disability separately and independently. His report is of no assistance in determining the liability of the Second Injury Fund and lends no support to the conclusion that the combination of disabilities increased the degree of partial disability.

The test for permanent total disability is whether, given the claimant's situation and condition, he is competent to compete in the open labor market. *Laturno v. Carnahan*, 640 S.W.2d 470, 472 (Mo.App. 1982). This test measures the worker's prospects for returning to employment. *Patchin v. National Supermarkets Inc.*, 738 S.W.2d 166, 167 (Mo.App.1987). Total disability means the inability to return to any reasonable or normal employment, it does not require that the employee be completely inactive or inert. The central question is whether in the ordinary course of business, an employer would reasonably be expected to hire the claimant in his present physical condition reasonably expecting him to perform the work for which he is hired. *Kowalski v. M-G Metals and Sales, Inc.*, 631 S.W.2d 919, 922 (Mo.App.1982).

The overwhelming weight of the evidence shows that by reason of the combination of the injuries to Brown's foot and back he is not able to compete on the open labor market. It is difficult to imagine what type of work he would be capable of performing given the fact that his mobility, even with crutches, is limited and his back pain prohibits his sitting in one position for more than a few minutes. Our review of the entire record convinces us that neither the facts found by the Commission nor the

evidence adduced at trial supports the award of fifty weeks of compensation against the Second Injury Fund.

Accordingly, the award is reversed and the matter is remanded to the Commission for further findings consistent with this opinion.

HAMILTON, P.J., and STEPHAN, J., concur.