**Eula HINES, Employee/Appellant,**

v.

**CONSTON OF MISSOURI # 852 and General Accident Insurance of America, Employer–Insurer/Respondent.**

**No. 63327.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

July 20, 1993.

Mogab & Hughes, P.C., Thomas J. Gregory, St. Louis, for appellant.

Evans & Dixon, Raymond J. Flunker, Jeffrey M. Proske, St. Louis, for respondent.

KAROHL, Judge.

Workers' compensation claimant, Eula Hines, appeals from a decision of the Labor

and Industrial Relations Commission [Commission] awarding permanent partial disability benefits. The administrative law judge awarded benefits based on permanent total disability. We affirm.

Claimant was a salesperson at a retail clothing store. On January 9, 1990, six or seven "rounders," which are steel clothing racks, fell on claimant's head and neck, jamming her right shoulder and arm into a wall. She was immediately taken by ambulance to the emergency room at a nearby hospital, where she received treatment and was released. Between June 1990 and August 1991, she was treated and evaluated by various doctors. She has not worked for wages since the accident.

The administrative law judge found claimant to be permanently and totally disabled as a result of the accident. Conston of Missouri #852, her employer, and General American Insurance Company, insurer, appealed the administrative law judge's decision to the Commission. The Commission modified the award. It granted claimant 95 percent permanent partial disability of the right arm at the level of the shoulder.

Claimant's only point on appeal is "whether the Labor and Industrial Relations Commission of Missouri erred in its application of the law in reversing the administrative law judge's award of permanent total disability and awarding the claimant only permanent partial disability *by failing to apply the proper legal test* for permanent total disability, which is, considering the employee's age, education and work experience, whether any employer in the usual course of business would reasonably be expected to employ the employee in her physical condition." [Our emphasis]. We find the Commission applied the proper legal test for permanent total disability.

Claimant argues the proper legal test for permanent total disability is set forth in *Brown v. Treasurer of Missouri*, 795 S.W.2d 479 (Mo.App.1990). In *Brown*, we said:

> The test for permanent total disability is whether, given the claimant's situation and condition, he is competent to compete in the open labor market. *Laturno v. Carnahan*, 640 S.W.2d 470, 472 (Mo. App.1982). This test measures the worker's prospects for returning to employment. *Patchin v. National Supermarkets Inc.*, 738 S.W.2d 166, 167 (Mo.App. 1987). Total disability means the inability to return to any reasonable or normal employment, it does not require that the employee be completely inactive or inert. The central question is whether in the ordinary course of business, an employer would reasonably be expected to hire the claimant in his present physical condition reasonably expecting him to perform the work for which he is hired. *Kowalski v. M–G Metals and Sales, Inc.*, 631 S.W.2d 919, 922 (Mo.App.1982). *Brown*, 795 S.W.2d at 483.

This is the approved legal test for determining permanent total disability. However, claimant contends the Commission failed to apply this test. We disagree.

In its decision, the Commission applied the same test for permanent total disability but cited and relied on *Fischer v. Archdiocese of St. Louis*, 793 S.W.2d 195 (Mo.App. 1990). The test in *Fischer* is virtually identical to the test in *Brown*. *Fischer* and *Brown* were decided by the same division of this court within a period of three months. Both cases relied on *Patchin v. National Super Markets, Inc.*, 738 S.W.2d 166, 167 (Mo.App.1987). We find no error of law.

Employer does not address claimant's point on appeal. Rather, employer argues the Commission's award should be affirmed because it is supported by substantial and credible evidence. We agree. Accordingly, there was no legal or factual error and the award of the commission is affirmed. *Reiner v. Treasurer of the State of Missouri*, 837 S.W.2d 363, 366 (Mo.App.E.D.1992).

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.