Petar GRGIC, Claimant/Appellant/Cross–
Respondent,

v.

P & G CONSTRUCTION, Employer/Respondent/Cross–Appellant.

Nos. 67163, 67195.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 30, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 14, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Robert J. Keefe, Randall, Keefe & Griffiths, P.C., St. Louis, for appellant.

Kevin M. Leahy, Robyn G. Fox, Cynthia A. Sciuto, Moser and Marsalek, P.C., St. Louis, for respondent.

PUDLOWSKI, Judge.

Claimant appeals his award of 65% permanent partial disability by the Labor & Industrial Relations Commission, asserting that the commission erred in denying him permanent total benefits for his extensive head injuries. Employer cross appeals the commission's finding that the injury arose out of and in the course of his employment. We reverse the commission's decision as to the denial of total disability benefits, and uphold the commission's finding of a work related injury.

The following facts are taken solely from the written findings of the commission. Mr. Grgic and his wife moved from Yugoslavia to this country over twenty years ago. Mr. Grgic was trained in Europe as a construction engineer, and has a master's degree in that field. After settling in the St. Louis area, Mr. Grgic formed a construction company, P & G Construction (P & G), and began to build houses. Among the houses that P & G built were several units in Pacific, Missouri. P & G maintained and repaired these houses.

Mr. Grgic and his family lived in one of these houses. On March 17, 1989, Mr. Grgic was making repairs to several of the rental properties. In the late afternoon Mr. Grgic went to the door of Jeffrey Seitz, one of the tenants. His purpose was twofold, to repair the gutter and to collect past due rent.

The commission found that Seitz, the tenant, had a short temper and a reputation for violence, and that "a frustrated Jeffrey Seitz, unable to pay his rent, took out his anger on his unsuspecting landlord." Upon opening the door, Seitz forcefully struck Mr. Grgic's head with a baseball bat. The blow rendered Mr. Grgic unconscious and bleeding immediately inside the front door. It caused multiple skull fractures and caused hemorrhaging and trauma in the left hemisphere of his brain. Over $70,000 has been spent, to date, on his medical bills.

Mr. Grgic, once a graduate level scholar, now has a 78 I.Q., placing him in the bottom five percent of the population. He has problems remembering, concentrating, and processing information. His problem solving skills have been drastically reduced. He has reduced coordination. He has reduced use of his right arm, and walks abnormally, as his right foot slaps the ground. He also has speech difficulties which cause considerable confusion in communication. He remains susceptible to ulcers and pneumonia, and will

require medical treatment for his condition for the rest of his life.

As a result, the commission found "even though the claimant is thoroughly trained and previously operated a successful construction business, the physicians, vocational experts, and the claimant himself agree he is only able to work very limited hours at rudimentary tasks."

The administrative law judge originally denied all compensation to Mr. Grgic on the basis that it was not a work related injury. The commission reversed, finding that Mr. Grgic was working on repair and rent collection duties for his employer, P & G, at the time of his injury. However, the commission denied Mr. Grgic a permanent total disability award, granting him only a 65% permanent partial award for his extensive injuries.

■ Mr. Grgic appeals the denial of a permanent total disability award. We may reverse an award of the commission only upon the following grounds:

> (1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud; (3) That the facts found by the commission do not support the award; (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 287.495.1 RSMo 1994. In this case we reverse the commission on the third ground of the statute, that "the facts found by the commission do not support the award." *Id.*

■ The legal test for determining whether the injured party is permanently and totally disabled is set forth in *Brown v. Treasurer of Missouri,* 795 S.W.2d 479, 483 (Mo.App.E.D.1990):

> The test for permanent total disability is whether, given the claimant's situation and condition, he is competent to compete in the open labor market.... The central question is whether in the ordinary course of business, an employer would reasonably be expected to hire the claimant in his present physical condition reasonably expecting him to perform the work for which he is hired.

All reasonable doubts as to an employee's right to compensation should be resolved in favor of the employee. *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983).

The commission's findings, under the above legal standards, do not support its denial of the total permanent award. The commission found that vocational counselor Kutchback's testimony supported the conclusion that "claimant's employment prospects are poor." The commission found Kutchback's testimony "credible and probative on the issue of the nature and extent of the claimant's disability." Furthermore, it found that the "physicians, vocational experts, and the claimant himself agree he is only able to work very limited hours at rudimentary tasks."

■ In our view, a claimant who is found by the commission to be "only able to work very limited hours at rudimentary tasks" is a totally disabled worker. "Total disability means the inability to return to any reasonable or normal employment, it does not require that the employee be completely inactive or inert." *Brown,* 795 S.W.2d at 483. We do not consider working very limited hours at rudimentary tasks to be reasonable or normal employment. The commission found it significant that "he *sometimes* is able to work a few hours a day although he quickly becomes tired." (Our emphasis). This limited activity does not mitigate against a finding of total disability. The fact that claimant *sometimes* can work a few hours a day serves only to highlight his inability to work a regular schedule, which is a hallmark of "odd-lot" total disability. *See* Larson, 1C *Law of Workmen's Compensation* § 57.51(a), p. 10–283 *et seq.* (1994). To hold these attempts at rudimentary tasks against Mr. Grgic "would tend to encourage idleness on the part of injured employees and discourage them from making efforts to help themselves for fear that any activity on their part might furnish evidence against their right to the compensation which the law has provided for them." *Kinyon v. Kinyon,* 230 Mo.App. 623, 71 S.W.2d 78, 82 (1934).

No employer on the open labor market would employ a man with the severely limited physical, mental, and communicative abilities which the commission ascribes to Mr.

Grgic. According to the commission, Mr. Grgic can only do rudimentary tasks with reduced coordination for limited periods, possesses only borderline intelligence, and has significant problems communicating. In short, taking the commission's findings as true, claimant has lost all of his marketable skills. Consequently, the facts found by the commission do not support the award, and it erred in not granting Mr. Grgic the total disability award to which he is entitled by law. Section 287.495.1(3) RSMo 1994.

■ P & G's cross appeal as to the commission's finding of a work related injury is without merit. P & G, as well as its insurer, admitted in their initial pleading that Mr. Grgic was injured in the course and scope of his employment. This is a persuasive judicial admission. *See Wills v. Townes Cadillac–Oldsmobile, Incorporated,* 490 S.W.2d 257, 260 (Mo.1973); *DeArmon v. City of St. Louis,* 525 S.W.2d 795, 803 (Mo.App.1975). Together with the facts as found by the commission, this is sufficient to show a work related injury. The cross appeal is denied.

The commission's award is affirmed in part and reversed and remanded in part for a determination in accordance with this opinion.

SMITH, P.J., and WHITE, J., concur.