Thomas **PIERSON**, Respondent

v.

**TREASURER OF THE STATE of Missouri as Custodian of the Second Injury Fund, Appellant.**

**No. SC 85386.**

Supreme Court of Missouri, En Banc.

Jan. 13, 2004.

As Modified on Denial of Rehearing Feb. 24, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., M. Jennifer Sommers, Asst. Atty. Gen., M. Todd L. Beekley, Asst. Atty. Gen., St. Louis, for Appellant.

J. Patrick Chassaing, Paul E. Martin, Clayton, for Respondent.

## PER CURIAM.[1]

Thomas Pierson was injured in the course of his employment with The Boeing Company when he ruptured a cervical disc. The injury required a discectomy with an allograft fusion and plating at the C5–C7 level. Pierson settled his claim against Boeing for 35 percent of the body as a whole referable to the neck, or 140 weeks of disability.

Pierson has also suffered from strabismic amblyopia since early childhood, a condition that resulted in a 100 percent loss of vision in his left eye. He alleged that the loss of vision combined synergistically with the injury to his disc to result in greater disability for which the Missouri second injury fund is liable. The fund argued that, even if the two injuries combined synergistically, under section 287.220.1[2] the fund was not liable for any increased disability because the fund can be held liable only if the preexisting injury is to a major extremity or to a part of the body as a whole. The fund argues that the loss of an eye is neither an injury to a major extremity nor an injury to the body as a whole; thus, the synergistic effect of Pierson's preexisting loss of use of his eye is not compensable.

The labor and industrial relations commission concluded that the fund was liable. It determined that Pierson's pre-existing eye condition amounted to 140 weeks of permanent partial disability to the body as a whole, plus an additional 10 percent, or 14 weeks, due to total loss of use for a total of 154 weeks for a total of 110 percent. The commission then determined that the two disabilities combined in a synergistic effect that was significantly greater than the disability resulting from each injury when considered separately. Applying a loading factor of 30 percent to 294 weeks for the combined disabilities, the commission assessed fund liability for 88.2 weeks at $303.01 per week totaling $26,725.48. The commission also awarded a loss of use premium.

The fund appeals. Decisions of the commission that are clearly interpretations of law are reviewed for correctness without deference to the commission's judgment. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991). In workers' compensation cases, the law is

---

1. This case was transferred to this Court by an opinion of the Court of Appeals, Eastern District, authored by the Honorable Robert G. Dowd, Jr. *Mo. Const. article V, section 10.*

Portions of the court of appeals opinion are incorporated without further attribution.

2. All statutory references are to RSMo 2000 except as otherwise indicated.

liberally construed with a view to the public welfare, and a substantial compliance with the statutes is sufficient to give effect to the commission's awards. *Section 287.800.*

Applying this standard, this Court affirms the commission's determination that the combined injury is compensable by the fund under section 287.220.1, but reverses its determination that the fund is liable for any of the loss of use premium.

■ Section 287.220.1 [3] sets out the law governing when the second injury fund is liable. It provides for fund liability if the preexisting disability and the combined effect of it and the new injury are each of such seriousness that they are a hindrance

3. Section 287.220.1 reads as follows:

All cases of permanent disability where there has been previous disability shall be compensated as herein provided. Compensation shall be computed on the basis of the average earnings at the time of the last injury. If any employee who has a preexisting permanent partial disability whether from compensable injury or otherwise, of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee becomes unemployed, and the preexisting permanent partial disability, if a body as a whole injury, equals a minimum of fifty weeks of compensation or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability, according to the medical standards that are used in determining such compensation, receives a subsequent compensable injury resulting in additional permanent partial disability so that the degree or percentage of disability, in an amount equal to a minimum of fifty weeks compensation, if a body as a whole injury or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability, caused by the combined disabilities is substantially greater than that which would have resulted from the last injury, considered alone and of itself, and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability. After the compensation liability of the employer for the last injury, considered alone, has been determined by an administrative law judge or the commission, the degree or percentage of employee's disability that is attributable to all injuries or conditions existing at the time the last injury was sustained shall then be determined by that administrative law judge or by the commission and the degree or percentage of disability which existed prior to the last injury plus the disability resulting from the last injury, if any, considered alone, shall be deducted from the combined disability, and compensation for the balance, if any, shall be paid out of a special fund known as the second injury fund, hereinafter provided for. If the previous disability or disabilities, whether from compensable injury or otherwise, and the last injury together result in total and permanent disability, the minimum standards under this subsection for a body as a whole injury or a major extremity injury shall not apply and the employer at the time of the last injury shall be liable only for the disability resulting from the last injury considered alone and of itself; except that if the compensation for which the employer at the time of the last injury is liable is less than the compensation provided in this chapter for permanent total disability, then in addition to the compensation for which the employer is liable and after the completion of payment of the compensation by the employer, the employee shall be paid the remainder of the compensation that would be due for permanent total disability under section 287.200 out of a special fund known as the "Second Injury Fund" hereby created exclusively for the purposes as in this section provided and for special weekly benefits in rehabilitation cases as provided in section 287.141. Maintenance of the second injury fund shall be as provided by section 287.710. The state treasurer shall be the custodian of the second injury fund which shall be deposited the same as are state funds and any interest accruing thereon shall be added thereto. The fund shall be subject to audit the same as state funds and accounts and shall be protected by the general bond given by the state treasurer. Upon the requisition of the director of the division of workers' compensation, warrants on the state treasurer for the payment of all amounts payable for compensation and benefits out of the second injury fund shall be issued.

or obstacle to employment and "if a body as a whole injury, equals a minimum of fifty weeks of compensation or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability." *Sec. 287.220.1.* Where the statute applies, the employer is liable only for the amount of disability caused by the current injury, and the fund is liable in the amount of the increase in disability caused by the synergistic effect of the two injuries. *See Brown v. Treasurer of Missouri,* 795 S.W.2d 479, 482 (Mo.App.1990) (summarizing an earlier version of the section and explaining that the fund is liable only for the difference between the sum of the injuries and the synergistically increased disability resulting from their combination).

■ The fund's appeal is entirely based on its argument that the eye is neither a major extremity nor a part of the "body as a whole" as the latter phrase is used in section 287.220.1. It agrees that it would be liable for the synergistic effect of the two injuries if the eye were a major extremity or if it were part of the "body as a whole." Yet, it cites this Court neither to case law nor to a definition of "body as a whole" supporting its position. Rather, it relies on the schedule of losses set out in section 287.190.

The schedule set out in section 287.190 lists 29 types of injuries to "members" of the body for which differing numbers of weeks of compensation shall be allowed, depending on the seriousness of the loss. A loss of the lower arm, for example, is entitled to 210 weeks of compensation, while a loss of the arm at the shoulder is entitled to 232 weeks of compensation. The loss of a finger or thumb is entitled to from 16 to 60 weeks of compensation, depending on the location of the loss. The term "members" is not defined, but the schedule lists losses of arms, hands, fingers, legs, feet, toes, ears, and eyes. Sub-

section 3 states that partial permanent injuries to these parts of the body shall be proportionately recompensed.

The fund argues that, as the schedule set out in section 287.190 refers to the eye as a "member," this means that the eye cannot be considered to be a part of the body as a whole. But, section 287.190 does not use the term "body as a whole" at all, nor say that "members" are not parts of the body as a whole. Indeed, as noted, the relevant statutes nowhere define the phrase "body as a whole."

Moreover, the fund admits that injuries to all of the other members of the body listed in section 287.190 other than eyes and ears are compensable by the fund as injuries to "major extremities" and that injuries to all parts of the body not listed in section 287.190 are compensable by the fund as injuries to parts of the "body as a whole." To accept the fund's interpretation of sections 287.190 and 287.220, then, this Court would be required to hold that the legislature has chosen to make all injuries except those to the eyes and ears compensable by the fund when they combine synergistically with a later injury.

■ The fund's position is rejected. It offers no logical reason why the legislature would chose not to allow fund compensation for these two types of injuries, but would for all others. It offers no citation to case law or statute that specifically so requires, instead asking the Court to infer from a table that *grants* employer compensation for an injury to the eye the conclusion that fund compensation would not be allowed. Such a conclusion would be inconsistent with the statutory directive to interpret the workers compensation laws with a view to the public welfare and with permitting substantial compliance with the statutes to give effect to the commission's awards. *Sec. 287.800.* The purpose of the fund is to encourage the employment of individuals who are already disabled from

a preexisting injury, regardless of the type or cause of that injury. *Boring v. Treasurer of Missouri*, 947 S.W.2d 483, 487–88 (Mo.App.1997). An injury to the eye is also a partial injury to the body as a whole for purposes of fund liability.

Accordingly, the commission did not err in finding the fund liable under section 287.220.

 The fund also asserts that the commission erred in finding the fund liable for the loss of use premium pursuant to section 287.190.2. Section 287.190[4] sets out the schedule to be paid for permanent partial disability. Here, the commission calculated an extra 10 percent, or additional 14 weeks of disability, for Pierson's complete loss of sight in his left eye and ordered to fund to pay 30 percent thereof. The fund correctly asserts the loss of use premium in section 287.190.2 only applies to the liability of an employer and not to the fund.

 Workers' compensation law is entirely a creature of statute, and when interpreting the law, the Court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. *Greenlee v. Dukes Plastering Service*, 75 S.W.3d 273, 276 (Mo. banc 2002). Section 287.190.1 specifically provides that "the employer" shall pay. It follows that subsection 2 of section 287.190 also applies to the amount "the employer" shall pay, and Boeing must pay 10 percent more when there is a complete loss of use. There is no premium for complete loss of use language in section 287.220, the provision that governs fund liability. Section 287.190.1 is used by the fund in determining losses, but the loss of use premium does not apply to the fund and only applies to the employer by the plain language of the statute.

Considering the varying purposes of the fund and the workers' compensation act, the fund and the employer compensate for different aspects of an employee's disability. The statute recognizes this distinction in requiring the employer and not the fund to compensate the employee for complete loss of use by increasing the employer's liability by 10 percent when there is a complete loss of use. Accordingly, the loss of use premium should not have been included in the commission's calculation of the fund's liability. That part of the commission's decision is reversed.

The commission's decision is affirmed in part and reversed in part, and the cause is remanded to the commission.

WHITE, C.J., WOLFF, BENTON, STITH, PRICE and LIMBAUGH, JJ., and RAHMEYER, Sp.J., concur.

TEITELMAN, J., not participating.

---

**4.** The pertinent parts of section 287.190 read as follows:

1. For permanent partial disability, which shall be in addition to compensation for temporary total disability or temporary partial disability paid in accordance with sections 287.170 and 287.180, respectively, the employer shall pay to the employee compensation computed at the weekly rate of compensation in effect under subsection 5 of this section on the date of the injury for which compensation is being made, which compensation shall be allowed for loss by severance, total loss of use, or proportionate loss of use of one or more of the members mentioned in the schedule of losses.

\* \* \*

2. If the disability suffered in any of items (1) through (29) of the schedule of losses is total by reason of severance or complete loss of use thereof the number of weeks of compensation allowed in the schedule for such disability shall be increased by ten percent.