David SPRADLING, Deceased, Employee, Lee Spradling, Brittinee Spradling, and Marinda Spradling, Dependents/Respondents,

v.

TREASURER OF the STATE of Missouri as Custodian of Second Injury Fund, Appellant.

No. SD 31907.

Missouri Court of Appeals, Southern District, Division One.

Nov. 5, 2013.

Chris Koster, Attorney General and Jonathan J. Linter, Assistant Attorney General, Cape Girardeau, MO, for appellant.

Sheila R. Blaylock, Poplar Bluff, MO, for Respondent.

WILLIAM W. FRANCIS, JR., J.

The Treasurer of the State of Missouri as Custodian for the Second Injury Fund

("the Fund") appeals from the Labor and Industrial Relations Commission's ("the Commission") "FINAL AWARD ALLOWING COMPENSATION (Affirming Award and Decision of Administrative Law Judge ["ALJ"] by Supplemental Opinion)" ("Award") which found David Spradling ("Spradling") to be permanently and totally disabled and determined Fund liability for his benefits. As Spradling was deceased at the time of the Award, the benefits were awarded in favor of Lee Spradling, Brittinee Spradling, and Marinda Spradling (collectively "Dependents"). We affirm the decision of the Commission.

On April 24, 2013, this Court issued a majority and concurring opinion in this cause. On June 25, 2013, the Supreme Court of Missouri sustained an application for transfer to that court. On October 29, 2013, the Supreme Court entered an order retransferring the cause to this Court. This Court's original majority and concurring opinions, which follow, are now readopted and reissued.

### Factual and Procedural Background

Spradling filed his original claim for worker's compensation benefits in September 1998 alleging he was injured while working for Russell Stover Candies, Inc., d/b/a Smiley Container Corporation ("Employer").[1] Spradling claimed that in late August or early September 1998, he was injured while stacking and lifting pallets while on the job for Employer. Several amended claims were filed thereafter; however, during the pendency of this action, on November 30, 2005, Spradling passed away from causes unrelated to any work-related injury. On October 27, 2008, Dependents filed an amended claim for compensation in which they alleged, pursuant to section 287.230.1, RSMo Cum.Supp. 2008,[2] that "all accumulated benefits that were otherwose [sic] [payable] to [Spradling] at the time of his death" were payable to Dependents such that they were "entitled to have their dependent status determined and confirmed and benefits awarded to them."

Prior to the hearing in this matter, Dependents settled their claim for benefits against Employer and Insurer in a "STIPULATION FOR COMPROMISE SETTLEMENT[,]" which was approved by the ALJ. On February 18, 2011, a hearing was then held before the ALJ as to the Fund.[3]

Following the hearing, the ALJ entered its award in which it found Spradling was injured in an accident on September 3, 1998, while at work with Employer, "as a result of . . . lifting in the course and scope of his employment[.]" Despite the fact "[t]he evidentiary record suggests several different dates for [Spradling]'s work accident and back injury[,]" the ALJ found Spradling, "[w]hile . . . clearly not a good historian[,]" was consistent in reporting "the other facts surrounding his work accident and injury" such that the medical

---

1. Employer was insured by Hartford Insurance Company ("Insurer") in this matter.

2. Section 287.230.1, RSMo Cum.Supp.2008, provides:

   The death of the injured employee shall not affect the liability of the employer to furnish compensation as in this chapter provided, so far as the liability has accrued and become payable at the time of the death, and any accrued and unpaid compensation due the employee shall be paid to his dependents without administration, or if there are no dependents, to his personal representative or other persons entitled thereto, but the death shall be deemed to be the termination of the disability.

3. Extensive testimony and evidence were adduced at the hearing; however, it is not necessary to recite the substantive facts of this matter for disposition of the issues addressed in this appeal.

records and other evidence made it clear he reported a work-related accident to his physician on September 4, 1998, and concluded Spradling "consistently describe[d] ... hand stacking/lifting when he felt a sharp twinge in his low back occurred on September 3, 1998[,] in the course and scope of his employment with Employer." The ALJ found Employer had "actual notice" of Spradling's injury and that the "overwhelming weight of the evidence [supported] a finding that the work accident of September 3, 1998[,] was a substantial factor in causing" injuries to Spradling's "lumbar spine, back and body as a whole and resulted in constant, intractable back and leg pain and symptoms, which pain and symptoms persisted up to the time" of his death. It was determined Spradling was permanently and totally disabled prior to his death in November 2005, based on "a combination of [his] injuries rather than from the last injury alone" such that the Fund was "liable for [Spradling]'s permanent total disability benefits." Therefore, the ALJ found, pursuant to sections 287.230, RSMo Cum.Supp.2008 and 287.240(4), RSMo 1994,[4] that Dependents should receive "$156.00 per week in equal shares ... commencing on May 16, 2003[,] and continuing thereafter for life." This decision was appealed to the Commission by the Fund. The Commission affirmed the ALJ's award and decision and incorporated the ALJ's findings into its Award. In addition to affirming the ALJ's award, the Commission entered a supplemental opinion addressing the Fund's assertion that the ALJ "misapplied the definition of 'dependent' provided in [section] 287.240 ... and consequently erred in awarding [Spradling]'s permanent total disability benefits to [Dependents]." After

reviewing the statutes and case law, the Commission concluded that

> [i]n this case, there is no dispute that on the date of [Spradling]'s work accident and injury, September 3, 1998, [he] was single and unmarried with three children under the age of 18: Lee Spradling (11 years old), Brittinee Spradling (6 years old), and Marinda Spradling (4 years old). We find, as the children's father, [Spradling] was legally liable for the support of said children. In accordance with [section] 287.240[,] ... [Dependents] are [Spradling's] conclusively presumed total dependents and, therefore, we find that the ALJ's award is fully supported by the competent and substantial evidence.

This appeal by the Fund followed.

The issues presented for our determination are:

1. Did the Commission err in awarding "lifetime workers' compensation benefits" to Dependents, pursuant to section 287.240(4), because "only minor children are dependents, in that only minor dependents at the time of death receive benefits, and then only until the minor dependent attains the age of 18, at which point benefits cease[?]"

2. Was there Commission error in its determination that the Fund was liable for workers' compensation benefits to Dependents where there was not "sufficient admissible evidence" relating to the date on which the injury occurred and the medical expert testimony offered by Dependents was likewise insufficient?

---

4. Heretofore, reference to section 287.230 is to RSMo Cum.Supp.2008, and section 287.240(4) is to RSMo 1994.

## Standard of Review

As set forth in article V, section 18 of the Missouri Constitution, judicial review of the Commission's Award[5] is a determination of whether the Award is "supported by competent and substantial evidence upon the whole record." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222 (Mo. banc 2003) (internal quotation marks omitted). Pursuant to section 287.495.1, RSMo 2000,[6] this Court

> shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the [C]ommission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the [C]ommission do not support the award; [and]
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

*See also Hampton*, 121 S.W.3d at 222. An award that is clearly "contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." *Id.* at 223. This Court "must determine whether the Commission reasonably could have made its findings and reached its result based upon all of the evidence before it." *Fitzwater v. Dept. of Public Safety*, 198 S.W.3d 623, 627 (Mo.App.W.D.2006). This Court defers to the Commission on issues involving the credibility of witnesses and the weight to be given to their testimony. *Sell v. Ozarks Med. Ctr.*, 333 S.W.3d 498, 506 (Mo.App. S.D.2011). While we defer to the Commis-

sion on issues of fact, we review questions of law de novo. *Id.*

### Point I: Application and Interpretation of Section 287.240(4)

#### Analysis

Section 287.240(4), provides

The word *"dependent"* as used in this chapter shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his or her wages *at the time of the injury*. The following persons *shall be conclusively presumed to be totally dependent for support upon a deceased employee*, and any death benefit shall be payable to them to the exclusion of other total dependents:

....

(b) A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years ... upon the parent legally liable for the support or with whom he, she, or they are living at the time of the death of the parent.... In all other cases questions of total or partial dependency shall be determined in accordance with the facts *at the time of the injury*, and in such other cases if there is more than one person wholly dependent the death benefit shall be divided equally among them. The payment of death benefits to a child or other dependent as provided in this paragraph shall cease when the dependent dies, attains the age of eighteen years, or becomes physically and mentally capable of wage earning over that age, or until twenty-two years of age if the child of the deceased is in

---

5. Findings of the ALJ adopted by the Commission and incorporated into the Commission's Award are reviewed by the appellate court as the findings of the Commission. *Sell v.*

*Ozarks Med. Ctr.*, 333 S.W.3d 498, 505 (Mo. App.S.D.2011).

6. Heretofore, section 287.495.1 is to RSMo 2000.

attendance and remains as a full-time student in any accredited educational institution, or if at eighteen years of age the dependent child is a member of the Armed Forces of the United States on active duty; provided, however, that such dependent child shall be entitled to compensation during four years of full-time attendance at a fully accredited educational institution to commence prior to twenty-three years of age and immediately upon cessation of his active duty in the Armed Forces, unless there are other total dependents entitled to. the death benefit under this chapter[.] (Emphasis added). "Section 287.240(4) provides the definition of 'dependent' to be used throughout chapter 287, the workers' compensation law" and the plain language of the statute "states that an employee's dependents are determined 'at the time of the injury' and includes as a dependent a [child] of an injured worker." *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 622 (Mo. banc 2012) (quoting § 287.240(4)).[7] Accordingly, contrary to the Fund's assertions, under the law in effect at the time of Spradling's injury, "when an injured work-er dies, dependent status is determined *at the time of the injury, not the time of death.*" *Id.* (emphasis added). As such, any "dependent" of Spradling "would have to be born and dependent at the time of the injury." *Schoemehl v. State of Missouri*, 217 S.W.3d 900, 902 n. 2 (Mo. banc 2007).

Here, Spradling was injured on September 3, 1998, and at that time he had three children ages 11, 6, and 4. A copy of the birth certificate of each child was introduced into evidence at the hearing showing they were minors at the time of Spradling's injury and each document clearly sets out Spradling is the father of each of the Dependents. While we agree with the Fund that there was no specific evidence adduced as to the extent or manner in which Spradling was supporting Dependents at the time of his death, it has long been held that a parent "has a common law duty to support his child," *Dycus v. Cross*, 869 S.W.2d 745, 750 (Mo. banc 1994), and we assume that was the case in this matter as Dependents had yet to reach the age of majority at the time of the injury in 1998. It is clear the Commis-

---

**7.** We note that prior to the Supreme Court's recent decision in *Gervich*, the controlling authority on this issue was *Schoemehl v. Treasurer of State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007), which decided under the same version of section 287.240 at issue here, that the statutory language provides that a worker's permanent total disability payments survive to his dependents when the worker dies of causes unrelated to the work injury. Based on certain statutory amendments, the significance of *Schoemehl* was later limited by *Strait v. Treasurer of Missouri*, 257 S.W.3d 600, 602–03 (Mo. banc 2008) (quoting *S.A.V. v. K.G.V.*, 708 S.W.2d 651, 653 (Mo. banc 1986)), which noted that "[t]he law bars the retrospective application of the laws to cases that have achieved final resolution" and held *Schoemehl* should be applied prospectively to " 'all actions pending on and prospective to the date on which' the opinion was issued[,]" which was January 9, 2007. "The Missouri General Assembly's response to the *Schoemehl* opinion was to amend several sections of Chapter 287 ..." to particularly "reject and abrogate *Schoemehl* and all cases citing, interpreting, applying, or following it. The amendment, however, is not retroactive and, thus, is inapplicable to this case." *Taylor v. Ballard R–II School Dist.*, 274 S.W.3d 629, 632–33 (Mo.App.W.D.2009). "Nevertheless, this [C]ourt recognizes that *Schoemehl* no longer reflects the state of the law, and as a result, neither *Schoemehl* nor the holding of this case shall apply to successive cases where the amended version of section 287.230 applies." *Id.* at 633. With that being said, Spradling's claim was filed in 1998, it was still pending at the time *Schoemehl* was decided and no resolution had been reached when the statutory amendments went into effect. As such, the reasoning in *Schoemehl* and its interpretation of the 1994 versions of the statutes at issue, are binding on this Court.

sion properly applied the definition of "dependent" in the present matter and that Dependents were entitled to permanent total disability benefits based on their dependency on Spradling at the time of his injury.

Turning to the second part of the Fund's complaint under this point relied on, we explore its assertion that the award of "lifetime workers' compensation benefits" to Dependents was a misapplication of the law. Having already determined *Schoemehl* continues to be controlling in this particular fact situation, we are guided by the fact that the *Schoemehl* court found that when an injured worker dies from causes unrelated to the work injury, the worker's dependents assume his or her place to become the "employee" for purposes of receiving permanent total disability benefits. 217 S.W.3d at 901–02. As explained in *Buescher v. Mo. Hwy. and Transp. Comm'n*, 254 S.W.3d 105, 108 (Mo.App.W.D.2008), "disability benefits shall be paid to the employee's dependents for their lifetime because the surviving dependents are deemed to have the same rights as the employee under the Workers' Compensation Law." An injured worker acquires a legal right or interest in a workers' compensation award at the time the worker suffers the work-related injury; thus, the worker's right to benefits vests at the time of injury. *Petties v. Petties*, 129 S.W.3d 901, 908 (Mo.App.W.D.2004). As a result, the law in effect at the time of Spradling's injury required compensation be paid for permanent total disability not only over the lifetime of Spradling, but also over the lifetime of any of his surviving dependents. *Schoemehl*, 217 S.W.3d at 903. The *Schoemehl* court explained this result was necessary to permit the surviving dependents of permanently and totally disabled workers to "recover full compensation," as the survivors of permanently partially disabled workers were already permitted to do. *Id.*

The Fund cites *White v. University of Missouri*, 375 S.W.3d 908 (Mo.App.W.D. 2012) in support of its argument. However, the *White* decision is distinguishable from this case because the *White* decision never got to the question of whether the dependent spouse was entitled to successor benefits and, if so, for how long because the issue was "simply not ripe for review by [the appellate] court, nor was it ripe for determination by the Commission." *Id.* at 913. In *White*, the Commission awarded the spouse of the injured employee, permanent total disability benefits even though the injured employee was not dead. While the court did mention possible conditions subsequent to a dependent's potential receipt of benefits, the court determined it was only concerned "with the conditions *precedent*, because it is only the conditions precedent as to which there is any confusion." *Id.* (emphasis in original). The court held the Commission's award of benefits to dependent spouse was error because "the injured employee is not dead, and dependent benefits do not vest until the injured employee is dead." *Id.* at 909.[8]

Unlike *White*, the Commission's Award of "lifetime workers' compensation benefits" to Dependents in this case, pursuant to section 287.240(4), is ripe for review. Consequently, because Spradling was entitled to be awarded permanent total disability benefits and subsequently died of a cause unrelated to his work injury, Dependents—as Spradling's minor, dependent children at the time of the injury—are

---

8. In *White*, the court did note the *Schoemehl* holding that a dependent is substituted as "employee" when the injured employee dies and is then entitled to receive benefits at that time. *Id.* at 913.

entitled to receive the awarded permanent total disability benefits for the remainder of their lifetime. There was no Commission error in its determination under section 287.240(4) that Dependents were entitled to receive Spradling's total permanent disability benefits for their lifetime.[9] Point I is denied.

*Point II: Error as to Fund Liability*

**Analysis**

At the outset, we note Point II raises several issues outside the scope of the arguments presented to the Commission. In its "APPLICATION FOR REVIEW" filed with the Commission, the Fund gave the following reasons as to why it believed "[t]he [ALJ's] award, decision or order [was] erroneous[:]"

> The [ALJ] *erred as a matter of law* in ruling [Spradling] was permanently and totally disabled due to a combination of alleged pre-existing disabilities and primary injury disabilities. The Award of permanent total disability was contrary to the Missouri Workers' Compensation Act and was not supported by competent or substantial evidence in the record and was contrary to the overwhelming weight of the evidence.
> 1. Improper burden placed on the [Fund] or change of burden to the [Fund].
> 2. The ALJ applied [s]ection 287.240[ (4) ] improperly, in that, 1) [Spradling's] death from an overdose of illegal drugs was in no way related to the instant alleged injury, and 2) [Dependents] presented no evidence that they were, in fact, actually dependent on [Spradling]. Rather, the evidence dem-

onstrated … [Dependents] were residing with their individual mothers at the time of [Spradling's] death, which tends to exclude dependency pursuant to [s]ection 287.240[ (4) ].
> 3. The ALJ improperly calculated the date of accident to be 9/3/98, in direct contradiction to the majority of the content of medical records generated on or around the relevant time period.
> 4. The ALJ improperly found that an accident or occupational disease was proved. The competent and substantial evidence supports a finding that no accident occurred.

(Emphasis added). Thereafter, in its brief filed with the Commission, the Fund specifically stated:

> The issues on appeal are whether *competent and substantial evidence* supports the ALJ's finding that [the] accident was proven to have occurred on September 3, 1998[,] and whether the ALJ appropriately applied [section] 287.240[ (4) ] in finding [Dependents] were conclusively presumed to be total dependents of [Spradling] though no evidence of actual dependency was presented.

(Emphasis added).

■ Now, on appeal, the Fund's Point II challenges the lack of Dependents' "sufficient admissible evidence" to support the Fund's liability by maintaining Dependents' "admissible evidence does not show an accident occurred on September 3, 1998, and their medical and vocational expert testimony was inadmissible and insufficient." The sub-points under Point II go even further by arguing: "A. The Com-

---

9. As an aside, we note the Fund's argument under this point relied on is at times nonsensical based on its repeated factual discrepancy relating to the date of Spradling's death. Throughout the brief, the Fund asserts Spra-

dling "died on November 30, 1995[,]" which would have been prior to his 1998 injury, instead of November 30, 2005, as stated elsewhere in the record.

mission arbitrarily excluded three of five potential dates of injury suggested by medical records or [Spradling]'s wage statement because they fell outside the scope of [Spradling]'s three-week employment with Employer"; "B. The Commission erred by taking administrative notice of closed records in the Division of Worker's Compensation records without notice to the Fund"; and "C. The Commission erred by admitting into evidence the testimony of [certain witnesses] over the Fund's hearsay objection to the extent their testimony was based upon [Spradling]'s unreliable hearsay." The issues raised in these sub-points and, to an extent in the main portion of the Fund's point relied on, were not argued to the Commission and are being presented to this Court for the first time on appeal. It has been a longstanding rule that issues that could have been, but were not, raised previously before the Commission cannot be litigated on appeal. *Miller v. Penmac Personnel Services, Inc.*, 68 S.W.3d 574, 578 (Mo.App.S.D.2002). "Such issues are not preserved for review ... and [the Fund] therefore is barred from raising them now." *Donovan v. Temporary Help*, 54 S.W.3d 718, 719 (Mo.App.E.D.2001). Accordingly, we shall not address the Fund's arguments of Commission error for the exclusion of "three of five potential dates of injury suggested by medical records or [Spradling]'s wage statement because they fell outside the scope of his three-week employment with Employer";

the taking of "administrative notice of closed records in the Division of Workers' Compensation records without notice to the Fund"; or the Commission's admittance of "admitting into evidence the testimony of [certain witnesses] over the Fund's hearsay objection to the extent their testimony was based upon [Spradling]'s unreliable hearsay."

■ Our review of this Point II is further hampered by the fact that it is clearly multifarious in that it "contains more than one potential basis for reversal[.]" *Sell*, 333 S.W.3d at 512 n. 4. "Multifarious points relied on are not in compliance with [Missouri Court] Rule 84.04(d) and preserve nothing for review." *Id.* "Nevertheless, this Court 'may exercise its discretion and attempt to resolve issues on their merits unless the defective point impedes disposition of the case on its merits.'" *Id.* (quoting *Atkins v. McPhetridge*, 213 S.W.3d 116, 120 (Mo.App.S.D.2006)). With that being said, we shall address this point relied on *ex gratia* and attempt to address the remaining preserved contentions—the finding by the Commission that Spradling was injured on September 3, 1998, and the Fund's assertion that Dependents' "medical and vocational expert testimony was inadmissible and insufficient."

■ While the Fund's point relied on seemingly reads like a challenge to the Commission's finding of Fund liability for benefits under the Workers' Compensation Act,[10] in reality, a review of the argument

10. Section 287.220.1, RSMo 2000, sets out the law governing when the Fund is liable in a workers' compensation case. It provides for Fund liability if the pre-existing disability and the combined effect of it and the new injury are each of such seriousness that they are a hindrance or obstacle to employment and "if a body as a whole injury, equals a minimum of fifty weeks of compensation or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability." When the Fund statute is applicable, the employer is liable only for the amount of disability caused by the employee's current injury, and the Fund is liable for "the amount of the increase in disability caused by the synergistic effect of the two injuries." *Pierson v. Treasurer of State*, 126 S.W.3d 386, 389 (Mo. banc 2004); *see Angus v. SIF*, 328 S.W.3d 294, 304 (Mo.App.W.D.2010). When assessing Fund liability, the Commission must first determine the degree of disability from

portion of its brief reveals the Fund is merely challenging what are essentially fact determinations—the date on which the injury occurred and the sufficiency of the medical expert testimony offered by Dependents. There is no challenge to the issue of medical causation; to the percentage of disability assessed to any of Spradling's injuries, whether pre-existing or work-related; to the finding that Spradling's injuries were a hindrance to employment; or to whether the injuries actually combined to be a greater disability than that which would have occurred from the work-related injury alone. The issues raised by the Fund are purely questions of fact and issues of witness credibility which were up to the Commission to determine. *Spencer v. Sac Osage Elec. Co-op., Inc.,* 302 S.W.3d 792, 800 (Mo.App.W.D.2010). Further, in making those fact determinations, we defer to the Commission on the weight to be given the testimony and evidence. *Angus v. Second Injury Fund,* 328 S.W.3d 294, 300 (Mo.App.W.D.2010). There was competent and substantial evidence presented to prove the date of Spradling's injury and the medical expert testimony offered by Dependents was sufficient to support the Commission's Award. Point II is denied.[11]

The Award of the Commission is affirmed.

GARY W. LYNCH, P.J., Concurs in Principal Opinion and Separate Concurring Opinion.

GARY W. LYNCH, P.J., concurring.

I concur in the principal opinion. As well articulated in that opinion, under the surviving-dependent-becomes-employee-

the last injury alone before it examines the effect of the pre-existing disabilities on the employee's overall health. *Ball–Sawyers v. Blue Springs Sch. Dist.,* 286 S.W.3d 247, 254 (Mo.App.W.D.2009).

by-definition theory adopted in *Schoemehl,* the Commission did not err in awarding Dependents lifetime benefits. One of the two rationales stated in *Schoemehl* for adopting this theory was to prevent the "unreasonable result" of allowing surviving dependents to receive permanent *partial* disability benefits but not permanent *total* disability benefits. *Schoemehl v. Treasurer of State,* 217 S.W.3d 900, 903 (Mo. banc 2007). I write separately to lament that our constitutional obligation to follow *Schoemehl,* Mo. Const. art. V, § 2 (1945), now requires this Court to affirm what I consider to be the unreasonable result of awarding lifetime benefits to surviving dependents where the employee's death was *unrelated to* the work injury, when the surviving dependents would have only received benefits during the time of their dependency if the employee's death had been *caused by* the work injury. *See* section 287.240(4).

NANCY STEFFEN RAHMEYER, J., concurs.

11. Further, Dependents' motion to strike is denied.